## Wallins Creek Collieries Company v. Hicks, et al.

(Decided October 29, 1926.)

### Appeal from Bell Circuit Court.

1. Master and Servant—Reasonableness of Employee's Refusal to Submit to Operation or Failure to Follow Medical Advice is Question of Fact, to be Determined by Circumstances (Kentucky Statutes, section 4886).—Whether or not action of employee in refusing to submit to surgical operation, under Kentucky Statutes, section 4886, or in failing to follow competent medical advice, is rea-

sonable, is a question of fact to be determined by the circumstances of each case.

2.  Master and Servant.—If there is any competent evidence to sustain findings of fact by compensation board, such findings are conclusive, in absence of fraud or mistake.

3.  Master and Servant—In Absence of Claim of Fraud or Mistake, Appellate Court Need Only Determine Whether There was Any Competent Evidence to Sustain Finding of Compensation Board.— In absence of claim of fraud or mistake, in finding by compensation board that employee did not unreasonably refuse to submit to competent surgical treatment or medical aid, appellate court need only determine whether or not there was any competent evidence to sustain finding.

4.  Master and Servant—Evidence Held to Sustain Finding that Employee's Refusal to Submit to Operation for Fractured Leg was Not Unreasonable (Kentucky Statutes, Section 4886).—Evidence of danger of pneumonia from use of anesthetic and danger of infection of knee joint and lack of assurance of success of operation for fractured leg held to sustain finding by compensation board that employee's refusal to submit was not unreasonable, under Kentucky Statutes, section 4886.

5.  Master and Servant—Question as to Payment of Compensation Pending Appeal Held Now Moot, where no Payments were made and Act was Passed Suspending Payments (Acts 1926, chapter 193).—Question whether circuit court may compel payment of compensation, pending an appeal, despite execution of a supersedeas bond, held to have become moot, where no compensation had been paid and Acts 1926, chapter 193, was passed suspending payments.

A. G. PATTERSON for appellant.

J. S. GOLDEN for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Section 4886 of the Kentucky Statutes, being section 6 of the Workmen's Compensation Act, provides *inter alia*: "No compensation shall be payable for the death or disability of an employee if his death is caused, or if and in so far as his disability may be aggravated, caused or continued, by an unreasonable refusal, failure or neglect to submit to or follow any competent surgical treatment or medical aid or advice." The sole question presented by this appeal is whether or not the appellee unreasonably refused to submit to competent surgical treatment or medical aid or advice in connection with the injury which he received and for which he is claiming

compensation from appellant. The compensation board found that he did not, and on appeal to the circuit court the award of the compensation board was affirmed. From this judgment of the circuit court, appellant brings this appeal.

Whether or not the action of an employee in refusing to submit to a surgical operation or in failing to follow competent medical advice is reasonable is almost universally held to be a question of fact to be determined by a careful inquiry into the circumstances of each case. A list of the English cases supporting this proposition may be found in the annotation to section 4886 of the Kentucky Statutes, 1922 edition. A like rule was laid down in the case of Strong v. Sonken-Galamba Iron & Metal Co., 109 Kan. 117, 198 Pac. 182, 18 A. L. R. 415. To this case as reported in 18 A. L. R. is appended a short note. The case of B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50, necessarily involved the same principle. Now it is settled that if there is any competent evidence to sustain the findings of fact by the compensation board, such findings are conclusive in the absence of a claim of fraud or mistake. Elkhorn Coal Co. v. Combs, 214 Ky. 635, 283 S. W. 1007. There is no claim in this case of any fraud or mistake, and so all we have to determine is whether or not there was any competent evidence to sustain the board's finding that the appellee did not unreasonably refuse to submit to competent surgical treatment or medical aid or advice.

Appellee's injury, for which he seeks compensation, was a fracture of the leg at the head of the tibia and very close to the knee joint. The appellant's physician, Dr. Tilman Ramsey, testified that he advised the appellee, while the latter was being treated for his injury in the hospital, that an operation on his leg was necessary in order to reduce the displacement that necessarily would result but for such operation, and that the present condition of appellee was due in large measure to his refusal to submit to this operation. The testimony of Dr. Ramsey disclosed the fact that he purposed in this operation to make use of certain metal screws or wires in order to hold the bones in place. He also testified that although he was at the time he gave the the advice to appellee and was still of the opinion at the time he testified that the operation would have been successful, yet he admitted that he could not at any time guarantee that it would be

successful. He further admitted that in the operation of the character here advised it might be that the fluid in the knee joint would be drained, but he said that there would be no danger in this unless an infection set in, in which case he conceded that the knee joint would become permanently stiff. He further admitted that there was some danger of infection. On the other hand, appellee's family physician, Dr. Clyde Russell, who had waited on appellee for some three years prior to the accident in which he received the injury which is the subject matter of this suit, testified that appellee's lungs had for a number of years been in a very weak condition and that although he had made no microscopic examination of appellee's sputum he was of the opinion that appellee had at least incipient tuberculosis and that the anesthetic necessary for the performance of this operation would in all probability further inflame appellee's lungs, with probable resulting pneumonia, which would be highly dangerous to appellee in the then condition of his lungs. Although this doctor testified that he did not advise against the operation on account of Dr. Ramsey's proposal to use metal screws or wires, yet he said that he was strongly of the opinion that kangaroo tendons were the only safe means to use to bind the bones together, because during his hospital services in New Orleans it had been his experience that, in the overwhelming percentage of cases where metal screws or wires had been used, a later or subsequent operation had to be performed to take them out and that they had not proved satisfactory. It may be said in passing that Dr. Ramsey declined to use kangaroo tendons. Further, Dr. Russell testified that the danger of infection in the knee joint from the operation here proposed was highly probable and that he had advised the appellee that the operation was by no means an assured success. Considering these facts, that the appellee was a man whose lungs were in an inflamed condition, which condition would be aggravated by the anesthetic with very probable resulting pneumonia, which in his condition was exceedingly dangerous to him, and that the doctors could not agree on the character of binders to be used on the bones, and that the danger of infection to the knee joint, with consequent permanent stiffening of that joint, was quite possible during this operation, and the lack of assurance of success of the operation, it cannot be said that there was no

competent evidence to sustain the board's finding that the refusal on the part of the appellee to submit to the operation was not unreasonable. This being so, there was nothing for the circuit court to do but affirm the award of the board so finding, and nothing for us to do but affirm that judgment of the circuit court.

We have not overlooked appellant's request to make some ruling on whether or not the circuit court may compel the payment of compensation pending an appeal in this court, despite the execution of a supersedeas bond, but inasmuch as appellant has paid no compensation pending this appeal and inasmuch as chapter 193 of the Acts of 1916 now provides for the suspension of payments pending appeal by the execution of a supersedeas bond, it is obvious that this question is now moot and need not be determined.

Wherefore the judgment of the circuit court affirming the award of the compensation board is affirmed.