## McCombs Coal Company v. Alford.

(Decided April 22, 1930.)

A. G. PATTERSON for appellant.

J. LEONARD DAVIS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Mitchell Alford, who was injured while working for the McCombs Coal Company, was awarded compensation

at the rate of $15 a week for a period of 400 weeks. On petition for a full board review, the award was sustained. On appeal to the circuit court, the award was affirmed. The employer appeals.

Under our law, the Workmen's Compensation Board's finding of facts is conclusive, and will not be disturbed if supported by any competent evidence. Elkhorn Coal Co. v. Combs, 214 Ky. 635, 283 S. W. 1007; Furnace Coal Mining Co. v. Carroll, 212 Ky. 1, 278 S. W. 271. In view of appellant's contention that the award was mere guesswork, and is not supported by any evidence, it will be necessary to review the evidence somewhat at length. Alford's testimony in brief is as follows: He was hostler on a mine machine. He was working on the night shift and was injured on June 6, 1928. The machine had been wrecked, and while stooping over and lifting with a cutter bar to put the machine back on the tracks something pulled loose in his back. At the time he testified, he was not able to do any work. He first reported the injury to W. R. Parks, the company's physician, who examined and treated him, and thereafter reported the injury to the Workmen's Compensation Board. His back was afterwards encased in a plaster of paris cast. An X-ray was also made of his back. When examined, Dr. Parks stated that he found him suffering from trench mouth. Dr. Edward Wilson testified that he had examined Alford twice, and had also examined X-ray pictures made of him by Dr. Combs. Alford had spinal injury. He seemed to have trouble at the sacrolumbar joint. In his opinion, there was 100 per cent. disability. He could not tell so much about his spine. He had definite trouble, but the location of it was hard to tell. He took Alford through various spinal movements, and found a good deal of ankylosis. He examined Alford's mouth and teeth, but remembered nothing particular about them. On being asked if in his practice he had not found diseased condition of teeth would cause trouble with the back, he replied: "I might answer by saying that I have never seen bad teeth produce a back like this one." Dr. Parks testified that he examined Alford and found no objective symptoms of the injury to his back. He found Alford suffering from trench mouth, which, in his opinion, gave rise to a possible complaint of back injury. The X-ray of his spinal column was negative in every respect. He thought his condition was due to lumbago caused from

trench mouth. On August 11, Alford was put in a plaster of paris cast. On finding that Alford was suffering from trench mouth, he sent Alford to Dr. Mayhall of Harlan, for treatment of his teeth. In his opinion, Alford was suffering from tubercular infection of the dorsal vertebræ and this condition had possibly been present for eight or ten months. He believed that he himself had cured the trench mouth infection. His conclusion that Alford was suffering from tubercular infection was not based on any microscopic investigation, but was arrived at after a thorough elimination of other factors as to the cause of his symptoms.

In view of the foregoing evidence, it hardly can be said that the board's finding of fact that the condition of Alford's back was due to the strain of lifting is without evidence to support it, or was the result of mere guesswork. There is no showing that he suffered from a weak back prior to the injury. On the contrary, his trouble followed the injury, and thereafter continued to grow worse. Though the theory that the trouble was due to trench mouth was advanced, Dr. Parks admits that he cured the trench mouth, and, notwithstanding this fact, the trouble still remained. The only other theory is that the condition of Alford's back was due to tuberculosis. After all, this is but a theory not based on a microscopic examination, and one which it was within the province of the board to reject. However, a conclusion of the board as to the cause of the injury involves the weighing of circumstances and opinions, and, where its finding is based on credible evidence, the fact that it adopts one theory rather than another does not convert its action into mere guesswork. In the circumstances here presented, the finding of the board cannot be disturbed.

The further point is made that Alford failed to prove that the company was operating under the Workmen's Compensation Act. The injury was reported under that act, and tried as if it came within its provisions. The jurisdiction of the Compensation Board to hear and determine the case was not challenged, and no question was made below as to the failure of Alford to prove that the company was operating under the Compensation Act. In the circumstances, it is too late to raise the question for the first time in this court.

Judgment affirmed.