## Creech Coal Company v. Smith et al.

(Decided May 2, 1930.)

A. G. PATTERSON for appellant.

FORESTER & CARTER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Robert Smith was a servant in the employ of the
Creech Coal Company. He received a small abrasion of
the skin on his wrist in handling a lump of coal. Blood
poison set up and he died. His widow and children
applied for compensation under the Workmen's Compen-
sation Act. The board sustained the claim. The coal
company took the case to the circuit court, which affirmed
the action of the board, and from this judgment the coal
company prosecutes the appeal before us.

Two grounds are relied on for reversal: (1) That
Smith belonged to a religious sect known as the Holy
Rollers, and he refused to accept medical treatment for
injuries until it was too late to save his life. (2) That
there is no evidence in the record showing that either the
plaintiff or defendant had accepted the provisions of the
Workmen's Compensation Act.

■ Section 6 of the Compensation Act provides:

"No compensation shall be payable for the death
or disability of an employee if his death is caused, or
if and in so far as his disability may be aggravated,
caused or continued, by an unreasonable refusal,
failure or neglect to submit to or follow any compe-
tent surgical treatment or medical aid or advice."
Ky. Stats., sec. 4886.

While there is some conflict in the evidence, the
proof for the applicants was in substance that Smith
came back from the mine on Tuesday evening with a
skinned place on his writ and went immediately to bed.
The next morning about 11 o'clock Dr. Pursifull, the

mine doctor, came to see him. Smith refused to let the doctor treat his arm that morning, saying that he thought he would get all right. Dr. Pursifull came back to see him the next day, as he thought he was in a critical condition, and he seemed then to be a little better. He thought he was better and his temperature was slightly lower. He was willing for the doctor to lance his wrist, but not use any medicine. The doctor told him that he ought to have treatment, but did not specify the kind. The doctor opened up his arm and left some bichloride tablets to keep the bandage wet with. These were used as directed. About the fourth visit Smith was delirious and later was taken to the hospital and died. When he reached the hospital it was too late to give him the serum treatment. While it does appear that Smith's friends were praying for his recovery and he did not believe in medicine, it does not appear anywhere that the doctor suggested serum treatment or that Smith did not take any medical treatment which the doctor left for him or advise him to take.

The rule is that if there is any evidence the finding of the board will not be disturbed here. Clearly there was some evidence here that there was no unreasonable refusal, failure, or neglect to submit to competent surgical treatment, medical aid or advice. It does not appear that the doctor ever suggested the serum treatment or that the medicine that the doctor left was not used. In Wallins Creek, etc., Co. v. Hicks, 216 Ky. 264, 287 S. W. 713, 714, the rule was thus stated:

"Whether or not the action of an employee in refusing to submit to a surgical operation or in failing to follow competent medical advice is reasonable is almost universally held to be a question of fact to be determined by a careful inquiry into the circumstances of each case. A list of the English cases supporting this proposition may be found in the annotation to section 4886 of the Kentucky Statutes, 1922 Edition. A like rule was laid down in the case of Strong v. Sonken-Galamba Iron & Metal Co., 109 Kan. 117, 198 P. 182, 18 A. L. R. 415. To this case, as reported in 18 A. L. R., is appended a short note. The case of B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S. W. 50, necessarily involved the same principle. Now it is settled that, if there is any competent evidence to sustain the findings of fact by the

Compensation Board, such findings are conclusive, in the absence of a claim of fraud or mistake.''

■ No issue was made on the hearing of the case before one member of the board as to the acceptance of the Workmen's Compensation Act by the parties. There was after this a hearing before the full board, and no issue was made then on this subject. The record shows no issue made on this subject in the circuit court. It is well settled that the question of the acceptance of the Compensation Act cannot be questioned for the first time in this court. The facts here are the same as in McCombs Coal Co. v. Alford, 234 Ky. 42, 27 S. W. (2d) —.

Judgment affirmed.