## Harlan Gas Coal Company v. Laws.

(Decided June 6, 1930.)

A. G. PATTERSON for appellant.

FORESTER & CARTER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On the 8th day of June, 1927, Mat Laws was working for the appellant, Harlan Gas Coal Company, in its mines in Harlan county. Claiming to have received injuries on that day in an accident arising out of and in the course of his employment, he made application for compensation before the Workmen's Compensation Board. Laws later became insane, and the proceeding was thereafter

duly prosecuted for him; the claim being that his insanity was the result of the accident for which he was seeking compensation. See Ky. Stats., sec. 4897, subsec. 6. The Compensation Board found that his insanity was caused by the accident and awarded compensation accordingly. Thereupon the appellant took a petition for review to the circuit court, which affirmed the award of the Compensation Board. From the judgment of the circuit court, this appeal is prosecuted. Pending this proceeding, Laws has died, and it is now being prosecuted by his dependents.

Two questions are presented: First, was there any competent and relevant evidence to sustain the finding of the Board; and, secondly, was there any competent and relevant evidence that Laws had accepted the provisions of the Compensation Act prior to his injury? Although appellant produced a great deal of evidence to sustain its position that the insanity of Laws was not due to the accident he claimed to have received, appellant concedes that if the appellee introduced any competent and relevant evidence to show that the insanity was occasioned by the accident, the judgment must be affirmed. The evidence establishes without contradiction that on the 8th day of June, 1927, Laws was working in the mines of the appellant; that attracted by his cries some of his fellow workmen went to where he had been timbering the mine and found him prostrate upon the floor, face downward, with a heavy timber about twelve inches in diameter and some six or eight feet long lying across his neck. The timber was removed, whereupon Laws gasped for breath, ran a little bit on all fours, and then rose to his feet. He was taken to his home and put to bed. His wife testified without objection that there were bruises upon his neck and a swollen place where the timber had fallen upon it. Appellee's evidence further shows that although prior to the accident Laws had been of sound mind, yet after the accident he rapidly became insane; that although the X-ray pictures taken of his head showed no fracture, yet a compression of the skull could have produced the insanity; and that the X-ray pictures would not necessarily disclose any such compression. There is evidence for the appellee from physicians that the accident could have caused the resulting insanity, and that it most probably did if there were no other cause for it shown. There was evidence for the appellee to estab-

lish that there was no other cause for the insanity. From this brief resume, it is quite apparent that there was competent and relevant evidence upon which the board could rest its finding, which being true, the finding is conclusive upon us.

So far as the second contention is concerned, there is some testimony, perhaps incompetent but unobjected to, that Laws had accepted the Compensation Act, it being conceded that the appellant was operating under it. But be that as it may, the injury was reported under that act and tried throughout before the Compensation Board and in the lower court as if it came within its provisions. The point that there was no evidence to show that Laws had accepted the act is made for the first time in this court, and under the authorities, it is now too late to raise that question. McCombs Coal Co. v. Alford (Ky.) 27 S. W. (2d) 430, decided April 22, 1930.

The judgment is affirmed.