## Jackson Fourseam Mining Co. v. Hurst et al.

(Decided June 13, 1933.)

FELIX S. DUMAS and HENRY L. SPENCER for appellant.

A. H. PATTON and A. S. JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On June 2, 1930, Bruce Hurst, while working as night watchman for the Jackson Fourseam Mining Company, was stung in the left eye by an insect, and thereafter applied to the Workmen's Compensation Board for the adjustment of his claim for compensation. The board found that his eyesight had been impaired to the extent of 25 per cent. by a former injury, and awarded him compensation at the rate of $9.75 per week for a period of 75 weeks, and $100 for hospital expenses. On appeal to the circuit court the award was affirmed, and from that judgment this appeal is prosecuted.

The evidence heard by the board is, in brief, as follows: Dr. B. M. Brown deposed that he treated Hurst for an injury to his left eye on June 2, 1930. At that time he had a large ulcerated wound of the cornea in the temporal side of the pupilar area, and his eye was acutely inflamed. For this injury he treated Hurst up to July 23, 1930. His vision both then and at the time he testified was 10/200, which is considered industrial blindness. His office records showed that he treated Hurst for an injury received in his left eye in the year 1926. At that time he reported that his vision was 20/200, which was considered by the Workmen's Compensation Board as industrial blindness. Each of these injuries contributed some to the impairment that existed at the time he testified, but how much he could not say. Hurst testified that he had an injury to his left eye in 1926, and was treated by Dr. Brown. Thereafter while employed as night watchman in making his rounds on the premises a large bug stung him in his left eye, and he again reported to Dr. Brown for treatment. For his first injury he received compensation for 65 per cent. of his earnings for the time he was off, which was either four or five weeks. After that he went back to work and the condition of his eye was as good as it ever was. There was no complaint of his work, and he received the same wages as he received prior to the first injury. W. E. Strong, bookkeeper for appellant's predecessor, testified that after the first injury Hurst hauled coal and turned in his reports every night. During that time Hurst did as much work, and hauled as much coal, as any man they ever had. Mize Hensley and Granville Riley testified substantially to the same effect. J. W. Adams, appellant's manager, testified that he was in charge of the company at the time Hurst received his first injury, and also at the time he received his second injury. His duties were to start the pump and keep the pump going and make the rounds and punch the clock. He did that both before and after the second injury.

Appellant takes the position that, inasmuch as Dr. Brown testified that Hurst was industrially blind as a result of the first injury, the board was without authority to award him compensation for injury to an eye that was already blind. If this had been all the testimony bearing on the question, there would doubtless be much

merit in the contention. There is further evidence, however, that Hurst went back to work in a short time after the first injury, that he did as much as any watchman the company had ever had, and that his vision was as good as it ever was. On this showing the Workmen's Compensation Board found that his vision was impaired to the extent of 25 per cent. by the first injury and awarded compensation on the basis that his eyesight was 75 per cent. impaired by the second injury. Clearly there was some competent evidence supporting the board's findings of fact, and that being true its findings are conclusive, where, as here, there is no claim of fraud or mistake. Wallins Creek Collieries Co. v. Hicks, 216 Ky. 262, 287 S. W. 713.

Judgment affirmed.