## Black Mountain Corporation v. Daniels' Guardian et al.

(Decided March 12, 1935.)

B. M. LEE for appellant.

E. L. MORGAN for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is a workmen's compensation case. There is no dispute about the injury that caused the death of the employee, James Daniels. It occurred about 9:30 or 10 o'clock a. m. May 5, 1931. He was in the employ

of the Black Mountain Corporation, to guard its property "in the camp," going on duty on the approach of night and remaining until 6 o'clock a. m.

The Black Mountain Corporation was engaged extensively in mining coal in Harlan county, and had been so engaged for a number of years. Daniels, when he first entered its employment, engaged in the work of a "coal loader." Later he assumed and discharged the duties of watchman, which carried with it the duty of arresting and ejecting from the company's premises persons disturbing the peace or otherwise violating the law. To properly perform his duties, it was essential that he have the authority of an arresting officer. Accordingly, with the consent of the sheriff of the county, he was, by the county court, appointed deputy sheriff. As such, for a number of years, at the salary of $175 a month, for the Black Mountain Corporation, he discharged the duties of what it terms "watchman." When requested by the sheriff, he would serve summons in civil actions and warrants of arrests in criminal prosecutions and return the same. The sheriff allowed him to collect and keep the statutory fees therefor. The Black Mountain Corporation acquiesced in his performance of these official duties.

It is apparent that for a number of years he acted in a dual capacity; deputy sheriff and watchman of the Black Mountain Corporation.

The occasion on, and the circumstances in, which he was killed are accurately described in Jones, Hightower v. Com., 249 Ky. 502, 60 S. W. (2d) 991; Reynolds v. Com., 249 Ky. 644, 61 S. W. (2d) 288; Poore v. Com., 249 Ky. 665, 61 S. W. (2d) 320; and Hudson v. Com., 249 Ky. 845, 61 S. W. (2d) 874.

The Black Mountain Corporation's evidence shows that its superintendent had a conversation by telephone with the sheriff of the county and was requested by him to inform Daniels of the sheriff's desire for Daniels as deputy sheriff immediately to perform certain duties in connection with other deputies from the office. The superintendent claims he informed Daniels of the purpose of the sheriff to send from the office other deputies to meet Daniels and to perform certain official duties, and that he was engaged in these duties at the time he was killed.

It argues the evidence establishes beyond question, cavil, and doubt that at the time he was killed he was acting solely in performance of his duties as deputy sheriff as directed by the sheriff of Harlan county, and his death did not "arise out of, and in the course of, his employment" as its guard or watchman. Section 4880 et seq., Kentucky Statutes.

The Workmen's Compensation Board, on the facts presented, awarded compensation to the dependents, two infant children, of Daniels, on the theory that at the time of his death he was acting as guard in the performance of an act for, and at the direction of the superintendent of, the Black Mountain Corporation, though off of its premises, essentially within the scope of his duty as guard, and when he was functioning as such. The evidence in behalf of Daniels' dependents, bearing on this issue is, that Daniels was a deputy sheriff and as such was a guard of the Black Mountain Corporation, and performed his duties day or night, mostly at night, on or off of the premises of the company as and when directed by its superintendent. And on the morning of the day he was killed, the company had sent, or permitted at the direction of its superintendent, one of its trucks to go a distance of about three miles for the purpose of transporting the household and kitchen furniture of Roy Hughes who was moving on to its premises to engage immediately in its services as a miner. He had made arrangements to that effect with the company, and it was needing and wanting his services in its mining operations. For some time previous, a number of men employed in its mine, on account of labor controversies and disturbances, had ceased to work at its mine, and as others could be secured they were employed in their stead. On the morning of the day of the death of Daniels, the superintendent went to the home of Daniels and in the presence of Dollie Daniels, as she claims, informed him (Daniels) he had sent a truck of the coal company to Verda, a distance of about three miles, for the purpose of bringing the furniture of Roy Hughes and wanted him "to go down and see it through." After receiving this direction of the superintendent, Daniels immediately went to other guards of the company and informed them what he and they were to do. Daniels accompanied by them and Jack Snure, another superintendent of the company, departed from the company's premises, "to go and see

the truck through.'' En route they passed through the town of Evarts where a great number of dissatisfied miners resided, and, on reaching the edge of Evarts, Daniels was shot and killed.

In Wilson Berger Coal Co. v. Metcalf, 231 Ky. 93, 21 S. W. (2d) 112, and Stearns Coal & Lbr. Co. v. Ball, 218 Ky. 607, 291 S. W. 1013, we ruled that compensation may be allowed when the injured or killed guard was off the premises of his employer, if at that time he was performing an act within the scope of his duty as guard, and functioning as such. But it should be denied when his injury or death occurs at a time he is acting solely in the capacity as an officer, entirely away from the premises of his employer, and at the direct behest of his principal, the sheriff, for in these circumstances he is not then performing the duties of a guard for his master, but only discharging the duties as deputy officer. As exemplification of the first above rule, see Blue Diamond Coal Co. v. Sizemore, 254 Ky. 102, 71 S. W. (2d) 11. And for an illustration of the latter, see Black Mountain Corporation v. Pace et al., 252 Ky. 550, 67 S. W. (2d) 673, and Kenmont Coal Co. v. Summers, 244 Ky. 232, 50 S. W. (2d) 515.

The testimony of Dollie Daniels, though denied, is corroborated by that of other witnesses and the circumstances. It was within the province of the workmen's compensation board to accept the evidence introduced by the dependents of Daniels or that of the company. It accepted that in behalf of the dependents. Though Daniels was off of the premises of the coal company at the time of his death, the evidence established to the satisfaction of the board that at that time he was performing an act as ''guard,'' essentially within the scope of his duty and functioning as such under the direction of the superintendent. The facts clearly bring his dependents' right to compensation within the cases of Wilson Berger Coal Co. v. Metcalf; Stearns Coal & Lbr. Co. v. Ball, and Blue Diamond Coal Co. v. Sizemore, supra, and distinguish the case from Black Mountain Corporation v. Pace et al. and Kenmont Coal Co. v. Summers, supra.

It is not doubtful the finding of the Workmen's Compensation Board is supported by competent and relevant evidence. We are without authority to interrupt its findings. Creech Coal Co. v. Smith et al., 234

Ky. 166, 27 S. W. (2d) 686; McCombs Coal Co. v. Alford, 234 Ky. 42, 27 S. W. (2d) 430; Harlan Gas Coal Co. v. Laws, 234 Ky. 654, 28 S. W. (2d) 990; Black Star Coal Co. v. Collins, 236 Ky. 39, 32 S. W. (2d) 540; Warfield Natural Gas Co. v. Muncy, 244 Ky. 213, 50 S. W. (2d) 543; Madden et al. v. Black Mountain Corporation, 238 Ky. 53, 38 S. W. (2d) 848; Lehigh Construction Co. v. Womble, 251 Ky. 150, 64 S. W. (2d) 479, 481. In the last-cited case, we said:

> "If there is any evidence to support the result reached by the board, it is binding upon the courts. * * * The court is unable to hold that there is no evidence to support the finding of the board. To set aside its finding, it is not sufficient that the evidence is conflicting or that the weight of the evidence is against the finding. It is only necessary that there be evidence of relevant consequence sustaining it."

The Black Mountain Corporation feebly argues the evidence is insufficient to show that Daniels had signed the company's compensation register after his employment as "watchman." It admits, however, that he had signed it when first employed as a "coal loader." It may be conceded that his signing the register on entering the company's employment as a coal loader is insufficient to meet the requirement of the statutes.

It is established by the testimony of two witnesses that he had signed the register on entering its services as guard or watchman.

While the company challenges the verity of this testimony, it failed to call its employee in charge of its compensation register at the time they witnessed Daniels signing it, and have him contradict this testimony. The evidence is amply sufficient to sustain the finding of the board as to this question.

The circuit court approved the board's award. In its judgment we concur.

Wherefore, the judgment is affirmed.