## Harvey Coal Corporation v. Morris et al.

March 2, 1951.

S. M. Ward, Judge.

Craft & Stanfill for appellant.

Alva A. Hollon for appellees.

JUDGE SIMS—Affirming.

This appeal is prosecuted from a judgment of the Perry Circuit Court affirming an award of $3 a week for 420 weeks, subject to a certain credit not necessary to mention here, and for medical expenses incurred not to exceed $400, made to Leonard Morris by the Workmen's Compensation Board to compensate him for a hernia resulting from an accident on June 14, 1948. The

company urges two grounds for reversal: 1. Morris failed to prove that either he or his employer had accepted and were operating under the terms of the Workmen's Compensation Act, KRS 342.001 et seq., at the time he claims he was injured; 2. the hernia was pre-existent and was not the result of the accident.

There was no stipulation entered into between the parties that both had accepted the terms of the Act and were working under it at the time of the accident, and the company insists there is no evidence in the record to sustain the Board's finding that both employer and employee were operating under the Act. However, the record shows that on May 22, 1948, the company reported to the Board Morris had signed the register on April 22, 1948, accepting the terms of the Act, and he suffered an accident in its mine on May 14, 1948, and the company was carrying its own risk. Also, in the record is the receipt of Morris showing on June 9, 1948, the company paid him "$7.71 in settlement of compensation under the Kentucky Workmen's Compensation Law * * * on account of injuries suffered by myself on or about the 14th of May 1948, while in the employ of Harvey Coal Corporation, subject to review and approval by the Workmen's Compensation Board."

The accident wherein Morris suffered a hernia occurred on June 14, 1948, and was a separate and distinct accident from the one he suffered on May 14th of that year. It is provided in KRS 342.405 that either party after electing to operate under the Act may withdraw such election; the employer by filing written notice with the Board and giving such notice to the employee; the employee by filing written notice with the employer. When this statute is considered in conjunction with the report made by the company to the Board on May 22, 1948, of an accident suffered by Morris, and the receipt of this same employee filed with the Board on June 9, 1948, acknowledging payment for that accident, it cannot be said the Board's finding that both parties were operating under the Act on June 14, 1948, was not supported by any evidence of substance and relevant consequence having fitness to induce conviction. What is here said does not militate against Taylor v. Cornett Lewis Coal Co., 281 Ky. 366, 136 S. W. 2d 21. Here, there was sub-

tantial proof the parties were operating under the Act, while in the Taylor case there was no such proof.

The opinion of the Board recites both parties practiced the case before it without any question being raised as to whether they had accepted and were operating under the provisions of the Act. In a petition for review filed in the circuit court the company raised the question for the first time that there was no proof the parties were operating under the Act. We have held in at least three cases that the question whether the parties were under the Act cannot be raised for the first time in this court. McCombs Coal Co. v. Alford, 234 Ky. 42, 27 S. W. 2d 430; Harlan Gas Coal Co. v. Laws, 234 Ky. 654, 28 S. W. 2d 990; Creech Coal Co. v. Smith, 234 Ky. 166, 27 S. W. 2d 686. If it is too late to raise the question for the first time here, likewise it is too late to do so in the circuit court, which KRS 342.285 makes an intermediate appellate court in Workmen's Compensation cases. No new or additional evidence may be introduced in the circuit court, except as to fraud or misconduct of some person engaged in the administration of the Act. The statute sets out specifically just what the circuit court may review and provides it may affirm, set aside, or modify an award, or remand the case to the Board for further proceedings. Thus it is seen the circuit court has only appellate jurisdiction in such cases and does not give a trial de novo. It is unconscionable for the parties to practice their case before the referee and then before the full Board without raising the issue as to whether the parties were under the Act, as was done here, and then on review before the circuit court raise the question for the first time.

Morris testified that while at work in the company's mine on June 14, 1948, he was dragging a heavy rail and suddenly experienced a "catch" or pain in his side and stopped work for a few minutes. The pain soon subsided and he resumed work and finished his shift. Upon arriving home he took a bath and observed a protrusion in his side. He immediately went to Dr. McLucas, who was substituting for the regular camp physician, Dr. Bouchillon, while the latter was on vacation. Dr. McLucas testified he had no record of examining Morris but that it was possible Morris came to him for an examination on or about June 14, 1948, since he did not

keep a record of every patient he saw. Dr. Lucas further stated he would have recognized an inguinal hernia and would have made a report of it to the company had he made such an examination and finding.

Dr. Coldiron, a witness for appellee, stated he examined Morris on Feb. 18, 1949, and found him suffering from an inguinal hernia, which in his opinion permanently impaired the patient 25%. Dr. Wagers, testifying for the company, stated he examined appellee on Aug. 27, 1947, when the patient was employed by the Blue Diamond Coal Company and found he had "enlarged rings" which the doctor considered "a beginning hernia."

It is provided in KRS 342.025(1) (b, c) that for the employee to be compensated he must show the hernia appeared suddenly and immediately following the injury and that it did not exist in any degree prior to the injury. The company insists the testimony of Dr. Wagers shows the hernia here antedated Morris' injury. We have two cases holding the statute just mentioned should not be given such a narrow meaning as to embrace a congenital weakness, and that a predisposition to such an injury was not enough to deny compensation. American Rolling Mill Co. v. Leslie, 302 Ky. 601, 194 S. W. 2d 643; Owensboro Wagon Co. v. Adams, 309 Ky. 302, 217 S. W. 2d 637.

Here, Morris might have gone through life with "enlarged rings" and never have suffered a hernia had he not been trying to drag a 300 pound rail. He was immediately stricken with a pain and when he bathed after work that evening he noticed a protrusion. Dr. Coldiron diagnosed this as a hernia. The facts presented in this record are sufficient to support the Board's finding that Morris suffered a hernia in dragging this heavy rail on June 14, 1948, and that the hernia was not pre-existent.

The judgment is affirmed.