ASHLAND TREE EXPERTS, INC.,
Appellant,

v.

Spencer SMITH et al., Appellees.

Court of Appeals of Kentucky.

March 22, 1963.

Hamm, Taylor & Milby, London, William A. Rice, Harlan, for appellant.

Doyle & Doyle, Harlan, for appellees.

PALMORE, Judge.

It requires but slight evidence, in the absence of proof to the contrary, to support a finding that the parties to a Workmen's Compensation proceeding are subject to the provisions of the Act. Collier v. Wright, Ky.1960, 340 S.W.2d 597. In Harvey Coal Corp. v. Morris, 1951, 314 Ky. 781, 237 S.W.2d 70, evidence that the employer had settled a previous compensation claim and that the parties had theretofore elected to operate under the Act was held sufficient to sustain a finding that they were covered by the Act at the time of another injury 5 days after receipt of the settlement. In Joyce-Watkins Co. v. Industrial Commission, 1927, 325 Ill. 378, 156 N.E. 346, 349, the fact that the employee was paid compensation following the injury, together with the character of the employer's business (creosoting and shipping railroad ties), was held, in the absence of proof that the payments were made under a misapprehension of the employer's rights, to warrant the conclusion that the employer was operating under the terms of the Act.

In this case it is not seriously questioned that the employer or its insurer paid compensation to the claimant at the rate of $26 per week (his wages had been $40 per week) for the period from April 9, 1959, the date of the injury, until October 29, 1959, and that the insurer caused him to be brought to Lexington for a physical examination. There was introduced in evidence a letter from the Lexington office of the Insurance Company of North American Companies to the employer's office manager enclosing a draft for 4 weeks' compensation to be forwarded the claimant with a notification that the date for his examination at Lexington had been postponed. In the absence of any evidence to explain away these circumstances, the contention that the Workmen's Compensation Board had no valid basis to find that the parties were covered is untenable. The question of estoppel is not involved.

The claimant was a man 42 years of age who had been accustomed to hard manual labor. In reply to a question as to what kind of health he enjoyed prior to the injury he said he had "never been to a doctor but twice in my life, had tonsillitis and flu," and "could stand on any building and do carpenter work, anything I wanted to do." He had "logged, timbered, worked in mines, carpentered, hoped lay block, anything there was to do." This testimony was corroborated by others for and with whom he had worked, including a 22-year old fellow-employee who said the claimant could do as much as he. The evidence thus provided ample basis for the statement in the hypothetical question that he had been "a strong able-bodied man."

More than a year after the accident, in which he suffered a sudden, severe and completely disabling strain while attempting to lift the end of a log over a stump, the claimant was still wholly unable to work. His own physician, who had known him for 20 to 25 years, was of the opinion that this condition was caused by the accident. The orthopedic surgeon who examined him in Lexington was of the same opinion, and did not think he was malingering, though he felt that the condition was mostly a "hysterical situation," which "would fit in with the so-called traumatic neurosis, that often results from apprehension over an injury." A psychiatrist in Harlan said that he was suffering some type of psychoneurotic disorder and was unable to work, and that in the absence of evidence to exclude other causes the assumption would be that the accident was the cause. In his opinion the more or less constant jerking motion in the claimant's legs was "involuntary."

Against the foregoing medical testimony a neurosurgeon of Knoxville, Tennessee, on the basis of a physical examination and the negative results of a myelogram, said positively that the claimant was not suffering from a traumatic neurosis, and he believed that the jerking of his legs was in a large measure voluntary.

Whatever may be the medical label placed on it, whether traumatic neurosis or some type of psychiatric disorder, we do not see how it could possibly be maintained that there was insufficient competent evidence to support the board's finding that a total disability existed and was caused by the injury on April 9, 1959.

The only part of the hypothetical question put to all the medical witnesses that may not have been fully supported by the foundation evidence was the reference to the claimant's shaking all over his body, as distinguished from his legs alone, but we do not believe this was a material or prejudicial inaccuracy in view of the fact that each of the doctors conducted a physical examination.

The judgment is affirmed.

MONTGOMERY, J., dissents from that portion of the opinion which holds that the evidence was sufficient to support a finding that the parties were covered by Workmen's Compensation.