Hopkins County, &c. v. St. Bernard Coal Company, &c.

CASE 20—ACTION BY ST. BERNARD COAL COMPANY AND OTHERS
AGAINST HOPKINS COUNTY FOR THE EXPENSE OF GUARDS IN PRO-
TECTING PROPERTY.—NOVEMBER 14.

# Hopkins County, &c. v. St. Bernard Coal Company, &c.

APPEAL FROM HOPKINS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL.   AFFIRMED.

COUNTIES—INDEBTEDNESS—GUARDS SUMMONED TO PROTECT PROPERTY
—NUMBER—DISCRETION OF SHERIFF—CONSTITUTIONAL LAW—AF-
FIDAVIT—RECITALS IN ORDER—PRESUMPTION—ASSIGNMENT OF
CLAIM—ULTRA VIRES.

Held:   1. Under Kentucky Statutes, section 1241a, authorizing the
county judge to order the sheriff or any constable to summon
a posse of not less than two nor more than ten men to guard
certain property, the discretion of determining the number of
men, within the specified limits, of which the party shall con-
sist, is vested in the sheriff, and the order properly left the
number of the posse indeterminate.

2. Kentucky Statutes, section 1241a, authorizes the county or circuit
judge to order the sheriff to summon a posse to guard property
threatened with mob violence, and provides for the payment
of the wages of such guards from the county treasury.   Const.,
section 157, provides that no county shall become indebted for
any purpose to an amount exceeding in any year the income
provided for such year, without the assent of two-thirds of the
voters.   HELD, that the constitutional prohibition referred only
to improvident contracts voluntarily entered into by the county,
and not to necessary expenses of government, and did not ren-
der section 1241a void.

3. No objection having been made in the court below on the
ground that no affidavit was filed before the county judge on
which to base the order for the guards, and as the order of the
court recites the facts, it should be presumed that the reci-
tals are true in the absence of an express denial and proof to
the contrary.

4. Where an action against a county to recover compensation under
Kentucky Statutes, section 1241a, for guarding property threat-
ened by mob violence was brought by the original claimants,

together with a corporation to which they had assigned their
claims, an objection that the purchase of the claims by the
corporation was *ultra vires* was without merit, because, as the
original claimants were before the court, and would have re-
ceived the money, the county was not prejudiced by a judgment
in favor of the corporation.

RUBY LAFFOON, C. C. GIVENS, LEE GIBSON and M. C. and
G. D. GIVENS, for appellants.

## SYNOPSIS.

1. (a) The case as to the $1,928 should be reversed because
no affidavit was made on which to base the order for guards.

(b) The whole case should be reversed because no cause of ac-
tion is shown against the county, because the contract of pur-
chase of these county claims was illegal and *ultra vires* on the
part of this corporation.

(c) Because the purchase of these ninety-five claims was the
doing indirectly the business of banking.

2. (a) The order of the county judge was void because it
left to the discretion of the sheriff the number of guards to be
placed at each piece of property.

(b) Because the limit of the county indebtedness had al-
ready been reached.

3. (a) Because the act of the Legislature, under and by which
these guards were appointed, is unconstitutional and void. The
reasons and authorities are given under the appropriate head
in the following brief.

## SUMMARY.

We ask a reversal, because as to the $1,928, no affidavit was
filed, and the county judge had no jurisdiction to make the or-
der. See first amended answer, page 23 of record. Second.
Because the contract of purchase of these claims by this coal
corporation was unlawful and void. See section 192 of the
Constitution and secs. 567, 599 and 601, Kentucky Statutes;
Pollock on Contracts, pp. 251-257; Story on Contracts, sec 571;
Benjamin on Sales, sec. 530; Beach on Contracts, secs. 1451-
1443; Reese on *Ultra Vires*, secs. 56, 69 and 70; National Bank
v. Norton, 3 A. K. Marshall, 423; Fray v. Rash, 91 Ky., 344;
Bull v. Hagan, 17 B. M., 352. Murphey v. Simpson, 14 B. M.,
337; Vannoy v. Balton, 5 B. M., 248; Twheat v. Spurrier, 94
Ky., 22; Franklin Ins. Co. v. L. A. Packet Co., 9 Bush, 456;
Blitz v. Bank of Ky., 21 Ky. Law Rep., 1554; Thomas v. W.

J. R. R., 101 U. S., 71; F. & M. Bank v. Baldwill, 23 Minn., 186; Central Transportation Co. v. Pullman Parlor Car Co., 139 U. S., 25.

3. The county judge had no jurisdiction to make the order for guards. See sec. 157 Constitution of Kentucky; also Con. of Bernard & Co. v. Knox County, Mo., L. R. A., Book 13, p. 244; Board of Commission v. Rollins, 130 U. S., 662.

4. Because the act of the Legislature is unconstitutional and void. See Cooley Constitution Limited, p. 196, 5th edition; Same author, pp. 61, 207-8, 453-4, 505-10, 432; City of Louisville v. Cochran, 82 Ky., 15; Muir v. Henry, 84 Ky., 6.

M. K. GORDON, ATTORNEY FOR APPELLEES.
E. G. SEBREE AND W. L. GORDON, OF COUNSEL.

### SYNOPSIS.

1. Chapter 20, Acts 1897 (section 1241a), Kentucky Statutes, is a constitutional exercise of the police power.

2. The act was followed to the letter in every particular and this liability has accrued.

3. The order for guards properly delegated discretion to the sheriff, as to the number of guards summoned within the limits of the act.

4. The constitutional limitations on indebtedness created by section 157 of our Constitution does not apply to compulsory and involuntary liabilities imposed upon the county by the Legislature, but only applies to indebtedness contracted by the county, which its governing authorities had the option to incur or not to incur.

5. The corporation plaintiffs may lawfully take assignment of these claims and maintain actions thereon in their own names; even were this not so the fact that the claims were assigned to the corporations in violation of law, would not help defendants' case.

6. Even if the constitutional limitations of section 157 applies to this liability, still the county must pay as that limitation has not been exceeded.

### AUTHORITIES CITED.

Cahill v. Perrine, 20 Ky. Law Rep., 1456; Beard v. Hopkinsville, 95 Ky., 237; Belknap v. City of Louisville, 99 Ky., 486; Sackett v. New Albany, 88 Ind., 45 Am. Rep., 461; Springfield v. Edwards, 84 Ill., 626; Lewis v. Widber, 99 California, 412; McCracken v. San Francisco, 16 Cal., 591; Bloomington v. Perdue, 99 Ill., 329; Rice v. Des Moines, 40 Iowa,

638; Congers v. Kirk, 78 Georgia, 480; Bartle v. Des Moines, 38 Iowa, 414; Chicago v. Sexton, 115 Ill., 230; Geo. D. Barnard & Co. v. Knox County, Mo., 2 L. R. A., 426; Crowder v. Sullivan, 128 Ind., 486; Rill v. Keokuk, 15 Iowa, 579; Tucker v. Raleigh, 75 N. C., 267; Laycock v. Baton Rouge, 35 L. R. A., 475; Doyer v. Brenham, 65 Texas, 526; Comstock v. Syracuse, 5 N. Y. Sup., 874; Capital City Water Co. v. Montgomery, 93 Ala., 366; Lott v. Waycross, 84 Ga., 681; Lehigh Coal & Navigation Co.'s App., 112 Pa., 360; State v. McCauley, 15 Cal., 430; Merrill Ry. & Lighting Co., v. Merrill, 80 Wis., 358; Smith v. Dedham, 144 Mass., 177; Rauch v. Chapman, Wash., 1897, 36 L. R. A., 408; Grant County v. Lake County, 17 Oregon, 453; Rauch v. Chapman, 16 Wash., 568; Potter v. Douglas County, 87 Mo., 239; Johnson v. Mason Lodge, No. 33, I. O. O. F., 21 Ky. Law Rep., 493; Bank v. Matthews, 98 U. S., 263; Miller v. Flemingsburgh & Fox Springs Turnpike Co., 22 Ky. Law Rep.. 1039; Culver v. Yocum, 9 Ky. Law Rep., 148; Ashuelot National Bank v. Lynn County, Iowa, 81 Fed., 121; Kelly v. Pierce County, 44 Pacific, 136; Council Bluffs v. Stewart, 51 Iowa, 385.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

The appellee John Robinson and 95 others, suing for the use and benefit of the St. Bernard Mining Company, and that company for itself, filed this suit against the county of Hopkins and the members of the Hopkins fiscal court, asserting claims amounting in the aggregate to $2,408 against the county of Hopkins, growing out of their services in guarding the property of the St. Bernard Coal Company when summoned by the sheriff pursuant to an order of the county judge of Hopkins county, under section 1241a, Kentucky Statutes. The court gave judgment in favor of the plaintiffs, and the defendants have appealed.

The validity of this statute was upheld by this court in Cahill v. Perrine 20 R., 1454, 49 S. W., 344, and upon a re-examination of the question we see no reason to recede from the conclusion then reached. The material parts of the statute are set out in that opinion, and all the grounds of objection to it which are now made, as shown by the

opinion and dissenting opinion, were considered by the court. The statute authorizes the judge to "order the sheriff or any constable of the county to summon a posse of not less than two nor more than ten discreet, able-bodied men between twenty-one and fifty years of age, for each piece of property threatened with injury or destruction, to be placed at or in such property armed with guns and ammunition, until the judge is satisfied the cause no longer exists, not to exceed thirty days at one time." The discretion of determining whether the posse shall consist of only two men or more than two (but not more than ten) is vested in the sheriff. The county judge is not required to fix the number to be summoned by the sheriff, for he, on the ground, can determine this as there may be need. The county judge, therefore, in his order in the case before us, properly followed the language of the statute, and left the number of the posse to be determined by the sheriff within the limits fixed by the statute. If no discretion was left to the sheriff as to the size of his posse in time of exigency, the purpose of the act might be entirely defeated, or greatly unnecessary cost might be entailed.

It is insisted that the liability thus imposed on the county is in violation of section 157 of the Constitution, which, so far as material is as follows: "No county, city, town, taxing district, or other municipality shall be authorized or permitted to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose, and any indebtedness contracted in violation of this section shall be void. Nor shall such contract be enforceable by the person with whom made; nor shall such municipality ever be authorized to assume

the same." It is a part of the history of this State that in times of popular excitement many of the counties and towns of the State had voted subscriptions to railroads and other public improvements, which had well-nigh wrecked them; and this section of the Constitution, which was borrowed from other States was adopted as a remedy for the evil. Beard v. Hopkinsville, 95 Ky., 237 (15 R., 756) 24 S. W., 872, 23 L. R. A., 402; 44 Am. St. Rep., 222. In Belknap v. City of Louisville, 99 Ky., 486 (18 R., 313) 36 S. W., 1118; 34 L. R. A., 256, 59 Am. St. Rep., 478, construing this provision, the court said that the object of the provision was to protect the people from their own improvidence and that of their officials. That improvident contracts were in the mind of the framers of the Constitution is shown by the concluding words, "nor shall such contract be enforceable by the person with whom made." The prohibition is against becoming indebted or voluntarily incurring a legal liability. The words, "no county . . . shall be authorized or permitted to become indebted," can not reasonably refer to the necessary expenses of the governmental functions of the county, which are compulsory obligations cast on it by law, but only to that class of which is optional with the county to incur. Any other construction, as has been well said, would destroy the fundamental safeguards and bulwarks of organized society. Barnard & Co. v. Knox Co. (C. C.), 37 Fed., 563, 2 L. R. A., 426; Rauch v. Chapman (Wash.), 48 Pac., 253, 36 L. R. A., 408, 58 Am. St. Rep., 52; Grant County v. Lake County, 17 Or., 453, 21 Pac., 447; Sackett v. New Albany, 45 Am. Rep., 461. The duty of preserving the public peace and protecting life and property can not be avoided because the income provided for the year by the fiscal court will be insufficient to pay the guards provided by the stat-

Hopkins County, &c. v. St. Bernard Coal Company, &c.

ute. It is the duty of the fiscal court to provide a sufficient fund for this purpose when the necessity arises, if it has not been provided before. It was not the purpose of the Constitution to disable the municipalities of the State from maintaining the public peace or protecting the good name of the State. On the contrary, the Constitution was enacted by its makers, "grateful to Almighty God for the civil, political and religious liberties we enjoy," and that "the great and essential principles of liberty and free government may be recognized and established." See preamble.

No objection appears to have been made in the circuit court on the ground that no affidavit was filed before the county judge—at least, this matter is not noticed in the opinion of the trial court; and as the order of the county court recites the facts, it should be presumed that the recitals are true, in the absence of an express denial and proof to the contrary.

The original claimants uniting in the suit with the assignee, the St. Bernard Mining Company, and no objection being made to the joinder of parties, no question is presented as to whether that company could have sued in its own name alone. The objection that its purchase of the claims was *ultra vires*, and therefore vested no title in it to them, can not be maintained. The original claimants are before the court. The money was going to them, if not to the mining company, and the county has not been prejudiced by the form of the judgment.

Judgment affirmed.

Chief Justice Guffy and Judge White dissent.