# Rodgers v. Commonwealth.

(Decided December 18, 1931.)

J. E. WISE, HAYNES CARTER, and FRANK HANDLEY for appellant.

J. W. CAMMACK, Attorney General; J. M. GILBERT, Assistant Attorney General; ALLEN P. CUBBAGE, Commonwealth Attorney; C. E. MORGAN, County Attorney; and J. R. LAYMAN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

This is a companion case to that of Walter Holmes v. Commonwealth, 241 Ky. 573, 44 S. W. (2d) ——, this day decided. Appellant was jointly indicted in the Hardin circuit court with Walter Holmes and Walter Dewberry for the murder of Thomas Tillery. On separate trial he was convicted and given the death penalty. His appeal from the judgment of the lower court was heard and considered with the appeal of Holmes, as the evidence in the two cases is practically the same and the motion for change of venue and for a continuance in each of the cases was heard on the same affidavits and evidence in the court below. Due, however, to some difference in facts and circumstances shown by the record, the appeals are disposed of in separate opinions. A full statement of the evidence will be found in the Holmes opinion.

On the trial of Holmes, both he and Dewberry testified that Rodgers followed Holmes into Mr. Tillery's house. Rodgers did not testify on the trial of that case, but in his own case denied that he went into the room. He did state, however, that he started in at the window,

but that Mr. Tillery attacked him and he was forced to retreat. In this case, victims of robberies committed by appellant and his codefendants prior to the attack on Mr. Tillery were called, identified him and were permitted to give evidence as to the details of the robberies. The same objection is made to this evidence as was made to the written statement admitted on the trial of Holmes. The rule under which we held the evidence competent in the Holmes Case has equal application here.

In his argument before the jury, it is shown that Judge Layman, who was employed to assist the prosecution, stated the following:

> "Wherever there was a home that seemed inviting to them, their motive was getting money and they went in to those homes and they got the money in a way that was most ruthless and high handed and it is one of the most awful situations ever heard detailed in a court of justice—going in a man's own home where he was sleeping. They go in and say: 'Stick 'em up, stick 'em up, stick 'em up' and at the point of a pistol they make them stick 'em up, and there, in those homes, they took whatever they found of value and put it in their pockets and they came— I am making these statements showing what the motive of this defendant was."

While evidence of other offenses is admissible for the purposes indicated in the opinion in the Holmes case and counsel may properly refer to such evidnce and the purpose for which such evidence is admitted, he should not play upon this evidence or upon the commission of other crimes in such a way as to divert the minds of the jurors from a proper consideration of the issues submitted to them. In this instance, in the heat of argument, counsel may have slightly transcended the limits of proper argument, but we are convinced that the jury was not misled by this argument, and, if in fact it was improper, it certainly could not be held prejudicial to appellant's substantial rights. Most of the statement complained of refers to things which appellant and his confederates testified occurred in the home of Mr. Tillery. All other questions raised on this appeal have been disposed of in the opinion in the Holmes case.

For the reasons indicated, and on the authority of that opinion, the judgment of the lower court is affirmed.

Whole court sitting.