## Poore v. Commonwealth.

(Decided June 9, 1933.)

666

B. B. GOLDEN, J. G. FORESTER, DANIEL BOONE SMITH and J. M. ROBSION for appellant.

BAILEY P. WOOTTON, Attorney General, FRANCIS M. BURKE, Assistant Attorney General, and JOSEPH SNYDER for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

This is one of the cases growing out of the killing of James Daniels, a deputy sheriff, Howard Jones, and several other members of his posse at Evarts, Ky. The facts are stated in Hightower, etc., v. Commonwealth, 249 Ky. 502, — S. W. (2d) — ., decided April 21, 1933. Chester Poore was indicted for the murder of Howard Jones pursuant to the conspiracy set out in that case. On the trial of the case he was found guilty and his punishment was fixed at life imprisonment. He appeals.

The commonwealth proved by one witness that appellant was at the meeting, held on May 4 at the theater in Evarts by the certain persons, at which all the plans were made for the shooting of Daniels and his posse the next morning. He was not only present at this meeting but was sitting up next to the stage where he could hear all that went on. It was also shown that he had attended previous meetings of the organization which were preparatory to what occurred on May 4, especially the meeting at the garage a few days before. The commonwealth proved by one witness that Poore was at the corner of the store building and was shooting toward

the cars where Jones and his posse were. He fired two shots with a 45 automatic pistol. Another witness testified to seeing him not far from this store on the morning of the homicide, twenty-five or thirty minutes before the shooting, when the armed men had gathered there about the depot. Another witness testified to seeing Poore at least an hour before the shooting there near the depot, and there were other facts shown tending to confirm this testimony.

On the other hand, the defendant proved that he stayed that night a mile or two from Evarts and did not come into Evarts until after the shooting was over. But the credibility of the witnesses was for the jury, and the verdict of the jury on all the facts is clearly not palpably against the evidence. A truck had been sent to Verda to move Roy Hughes to Black Mountain where he would take the place of a discharged miner. The deputy sheriff, learning that there would be opposition to this truck passing through Evarts, organized a posse and started over on the morning of May 5 to see the truck safely through Evarts. The meeting on May 4 was held when these facts were generally understood, and the purpose of getting arms and meeting at the depot the next morning was to prevent the carrying out of the plan. The shooting of Daniels and his posse was simply a part of the plan to prevent the truck from carrying Roy Hughes to the mine. Daniels and his posse were shot simply because the members of the organization well understood that he was there for the purpose of taking the truck through, and the facts and circumstances tend to confirm the conclusion of the jury that Poore was a party to this conspiracy and took part in its execution. While it is not shown that his shots killed Jones, it is shown that Jones was killed by shots fired by those in the conspiracy who were firing for the purpose of killing the sheriff and his posse.

A great many rulings of the circuit court in the admission of testimony are relied on for reversal, but most of them were practically sustained in Hightower v. Commonwealth, supra, and in Reynolds v. Commonwealth, 249 Ky. — , 61 S. W. (2d) — , decided June 6th. What is said and done by conspirators pursuant thereto, and before the conspiracy is accomplished, is competent against each member of the conspiracy,

though not present when this was said or done. What is said after an act is done by one of the participants in it, and so near to it as to be part of it, may be shown under the res gestæ rule. Necessarily in conspiracy cases the evidence must take a wide range, for only thus can the real purpose of the conspiracy and the true meaning of what was done be shown. The evidence objected to here all falls within these rules, and no right of appellant was prejudiced by its admission. It is provided in the Code (Criminal Code of Practice sec. 353) that a judgment of conviction shall not be reversed for any error occurring on the trial, unless on the whole case the defendant's substantial rights have been prejudiced thereby. Very clearly here the case was fairly submitted to the jury by the evidence, and no substantial right of the defendant was prejudiced in the admission of evidence not considered in the opinions above referred to.

The acts of conspirators, though involving the commission of another offense, may be shown, when they show the purpose or aim of the conspiracy and the acts were done pursuant to the conspiracy and illustrate the purpose for which the final act was done. There was sufficient evidence that the members of the organization who attended the meeting of May 4 and the previous meeting at the garage had conspired together, for the purpose shown, to admit the evidence that these persons designated the sheriff and his posse as thugs or gunmen, for it illustrated the state of feeling existing among them. For the same reasons the proof as to complaints of the members of the organization as to bad air, short weights, trading at the commissary, etc., was properly admitted as showing the reason for the existing feelings on their part toward the mine owners and their determination to take violent action. For the same reason the proof as to speeches made to inflame them was properly admitted, although Poore was not shown to be present. It rarely happens that all the conspirators are present when each act leading up to the consummation of the conspiracy is done. The conspiracy being shown, the acts of the other conspirators working up to the end to be accomplished is competent evidence against all who participate in the conspiracy. Rodgers v. Com., 241 Ky. 593, 44 S. W. (2d) 599; Dew-

berry v. Com., 241 Ky. 726, 44 S. W. (2d) 1076; McGee v. Com., 246 Ky. 445, 55 S. W. (2d) 382.

Though it was charged in the indictment that the conspiracy was to kill Jones, it was competent to show that the men were organized to stop the truck and not let it pass through Evarts; that Daniels, Jones, etc., were there to protect the truck and prevent this; and that the killing of Jones was simply one step in the program. Jones was killed pursuant to the conspiracy, though he was shot in an effort to prevent the deputy sheriff and his posse from protecting the truck. Claxton v. Com., 221 Ky. 207, 298 S. W. 702.

The matters on which the state contradicted the defendants' witnesses were not immaterial or irrelevant, but went to the credibility of the witnesses. Considerable latitude in such examination is allowable for this purpose. Appellant's only defense presented here was an alibi, and very clearly none of the rulings on evidence affected his right to an acquittal on this defense, if credited by the jury.

The court properly instructed the jury that the defendant could not be convicted upon the testimony of an accomplice or accomplices unless such testimony was corroborated by other evidence tending to connect the defendant with the commission of the offense, and that the corroboration was not sufficient if it merely showed that the offense was committed and the circumstances thereof. The court properly refused to give any instruction on self-defense. There was practically the same evidence in the cases above cited. The reasons for the conclusion are stated in those opinions. The instructions of the court fairly submitted the case to the jury, and on the whole case the court finds that there was no error in the proceedings prejudicial to the defendant's substantial rights. The law does not allow a man to willfully create a bad or dangerous situation and then fight his way out. He who brings on the difficulty by his own wrongful act forfeits his right to self-defense. Lightfoot v. Com., 80 Ky. 516; Cockrill v. Com., 95 Ky. 22, 23 S. W. 659, 15 Ky. Law Rep. 328; Jones v. Com., 186 Ky. 283, 216 S. W. 607; Hawley v. Com., 191 Ky. 380, 230 S. W. 296.

Judgment affirmed.