# Phillips v. Commonwealth.

(Decided June 23, 1933.)

B. B. GOLDEN, J. M. ROBSION, and J. G. FORESTER for appellant.

BAILEY P. WOOTTON, Attorney General, and F. M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellant, E. Phillips, and others, were jointly indicted for the offense of murder. The indictment charged them as principals, aiders, and abettors and with entering into a conspiracy to kill James Daniels. Under this indictment, appellant was found guilty and given a life sentence in the penitentiary. He appeals.

This is a companion case to those of Jones v. Commonwealth (Hightower v. Commonwealth), 249 Ky. 502, 60 S. W. (2d) 991, decided April 21, 1933; Reynolds v. Commonwealth, 249 Ky. 644, 61 S. W. (2d) 288, decided June 6, 1933; Poore v. Commonwealth, 249 Ky. 665, 61 S. W. (2d) 320, decided June 9, 1933, and Hudson v. Commonwealth, 249 Ky. 845, 61 S. W. (2d) 874, decided June 20, 1933. The outline of the main facts involved in all these cases may be found in the Jones and Hightower Cases, supra. More specifically, the appellant, Phillips, is a colored man and was working for the Black Mountain Corporation at the time Jones and Hightower began their activities in this Harlan field. About a month before Daniels was killed, Phillips was discharged by the coal company on information received from Daniels that Phillips was out late at night prowling about the company's property. Phillips knew that Daniels was responsible for his discharge. Phillips became a member of the organization of Jones and Hightower, and attended many of its meetings, including that of May 4th mentioned in the Jones and Hightower Cases. Prior to May 5, 1931, the date Daniels was killed, Phillips had threatened him, and had made several statements showing his hostile feelings toward

Daniels. The commonwealth produced witnesses who testified that early on the morning of May 5th Phillips was seen with a gun at the railroad crossing where the killing occurred, and that at the time of the shooting he was seen with a group of men behind a bank on the hillside whence Daniels was shot. At this time Phillips had a shotgun, and some of the witnesses state positively that he fired two shots. Immediately after the shooting, some boys who had been playing ball and were going home met several men leaving the scene of the shooting, and they positively identified Phillips as one of them. They testify that Phillips said: "Don't tell anybody you seen this nigger pass here." At that time Phillips was armed with a gun. Phillips' defense was an alibi coupled with an attack on the credibility of the witnesses for the commonwealth. But it is obvious that whether the testimony for the commonwealth as to Phillips' presence and participation in the shooting was to be believed rather than his alibi and the credence to be accorded the various witnesses were all for the jury. All the grounds relied upon by Phillips for a reversal in this case were relied on in all or in one or more of the cases above referred to as grounds for reversal in those cases, and, after careful consideration, were held to be without sufficient merit to warrant such reversal. On the authority of those cases, therefore, the judgment in this case must be, and it is hereby, affirmed.

Whole court sitting.