## Black Mountain Corporation v. Lee et al.

(Decided Feb. 14, 1936.)

B. M. LEE for appellant.

E. L. MORGAN for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The Black Mountain Corporation has appealed from an award of $3 per week for 335 weeks for 25 per cent. dependency made on account of the death of Arthur Lee, to his mother, Alkia Lee and his three sisters, Juanita, Palma, and Georgia Lee.

Arthur Lee was killed in the battle of Evarts, which occurred about 9:30 or 10 a. m. May 5, 1931, and is sufficiently described in the following cases: Hightower v. Com., 249 Ky. 502, 60 S. W. (2d) 991; Reynolds v. Com., 249 Ky. 644, 61 S. W. (2d) 288; Poore v. Com., 249 Ky. 665, 61 S. W. (2d) 320; Hudson v. Com., 249 Ky. 845, 61 S. W. (2d) 874; Phillips v. Com., 250 Ky. 63, 61 S. W. (2d) 1059; Black Mountain Corp. v. Daniels' Guardian, 258 Ky. 645, 80 S. W. (2d) 824.

The appellant asks for a reversal on two grounds which are: (a) That the dependency of the appellees upon the deceased is not established; (b) that Arthur Lee's death did not arise out of and in the course of his employment.

Considering these grounds in their order, we find appellant admits as to ground (a) that there was evidence of the dependency of appellees upon the deceased, but argues the evidence was incredible. However, the Workmen's Compensation Board, whose duty

it is to find the facts, found this evidence sufficient, and the appellant does not say it was immaterial, irrelevant, or inadmissible, so there is no merit in ground (a).

Ground (b) presents more difficulty and requires a brief statement of the facts. The Black Mountain Corporation was having trouble with its former laborers, who at the time were on a strike. To protect its property it employed guards or watchmen. Jim Daniels was a deputy sheriff and was in its employment and in charge of these guards. Arthur Lee was employed as a guard, and his usual place of service was in and about the head-house from about nightfall until 6 o'clock the following morning. Thus we see that at 9:30 or 10 a. m., ordinarily, Lee would not be found on active duty, but some one had called him into activity on this ill-fated morning, and he was one of the body of armed men, that was with Daniels, and had gone to the place whereat he was killed, in order to aid in the protection of one of appellant's trucks that was moving a prospective laborer and his goods into appellant's mine camp.

Lee was not an officer. For appellant it is argued Lee was a member of the posse comitatus which Daniels as a deputy sheriff had the right to summon. See section 4578, Ky. Stats. and Hopkins County v. St. Bernard Coal Co., 114 Ky. 153, 70 S. W. 289, 24 Ky. Law Rep. 942; Bell v. North, 4 Litt. (14 Ky.) 133; and 57 C. J. p. 733, sec. 123.

It is not shown, however, that Daniels had for execution any process of any kind, or had any right or reason as deputy sheriff to summon Lee to go with him, but he did do so, and it follows that when he did and did not do so as deputy sheriff, he did so as the agent and employee of the Black Mountain Corporation, and that Lee went not as a part of the posse comitatus, but as an employee of the Black Mountain Corporation, doing its bidding and in response to its call received by him from its agent Daniels; hence he went when and where he did in the course of his employment and his death while so serving his master on this expedition arose out of and in the course of his employment by the appellant. 71 C. J. p. 689, sec. 433.

Judgment affirmed, the whole court sitting.