## Ballard v. Adair County.

(Decided April 30, 1937.)

348

WILLIAM H. CRUTCHER, Jr., for appellant.

RAY MONTGOMERY for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Adair circuit court sitting in equity. The same parties have been to this court on two previous occasions seeking the approval of an issue of bonds to refund the outstanding floating indebtedness of Adair County in accordance with the provisions of sections 186c-6 and 186c-7 of the Kentucky Statutes, 1936 Edition. These sections require that the approval of a court of competent jurisdiction be first obtanied before any bonds such as the issue now before us shall be sold. The burden of proving the validity of the debt sought to be refunded is placed on the county. When the matter was first presented to us, we refused to approve the issue because of the failure of the proof properly to establish the validity of the outstanding indebtedness. Ballard v. Adair County, 264 Ky. 490, 95 S. W. (2d) 18. On the second appeal to this court the principal evidence relied on to sustain the validity of the indebtedness was a stipulation that the statements of fact contained in the petition and the exhibits might be taken as true. Obviously, in this type of friendly case, where all of the parties are really interested in obtaining the approval of the court, a stipulation of the essential facts is nothing more than a self-serving declaration, which, if it were accepted as proof, would completely nullify the require-

ments of section 186c-7. After the opinion on the second appeal, pointing out the discrepancies in the proof thus offered, was delivered, but before the decision became final, the appeal was dismissed by agreement of the parties and the opinion was not published.

The case now presented to us differs materially from the two previous appeals both in the amount of bonds sought to be issued and in the character of debt to be refunded. A large part of the outstanding debt of the county has been paid through the release and ap- plication of funds received from the Gross Receipts Tax Law of 1934 (Acts 1934, Extra Session, c. 25). We are now asked to approve an issue of $58,000 par value 4¾ per cent. bonds to take up, with interest accrued thereon, $48,534.66 in 6 per cent. county warrants is- sued between 1929 and 1934.

We have repeatedly held that a valid floating in- debtedness of a county or municipality may be refunded without a vote of the people and have as often pointed out that the point to be determined in these cases is whether or not the debt sought to be refunded was valid when created. Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104. Except to consider, under section 186c- 7, whether "officials in office at the time of the creation of such indebtedness have not had due regard for the finances of the county," we are not concerned as a court with the policies of public finance any further than to determine the legality of the steps contemplated. The character of expenditures made, so long as they are for a public purpose and within constitutional limits, must necessarily rest in the discretion of the fiscal authorities elected for that purpose. In the ordinary case, there- fore, our inquiry is addressed to (1) whether or not the officials have had due regard for the finances of the county; (2) whether the expenditures have been made for a public purpose; and (3) whether such expendi- tures are within the limitations prescribed by sections 157 and 158 of the Constitution.

In applying the limitations of sections 157 and 158 of the Constitution, we have held that a county may pay necessary governmental expenses even though such claims exceeded the revenue for the particular year when made. A distinction has been drawn between ex- penditures essential to the operation of organized gov- ernment and expenditures which, while public in their

nature, are not indispensable. Hopkins County v. St. Bernard Coal Co., 114 Ky. 153, 70 S. W. 289, 24 Ky. Law Rep. 942; Breathitt County v. Cockrell, 250 Ky. 743, 63 S. W. (2d) 920, 92 A. L. R. 626; Adair County Farm Bureau v. Fiscal Court of Adair County, 263 Ky. 23, 91 S. W. (2d) 537. Of course, a county cannot properly expend all of its revenue on mere nongovernmental matters and then pass on its indispensable governmental obligations as a floating debt for future generations. This would not be a "due regard for the finances of the county" and would likewise be in the face of section 4281u-1 et seq. of the Statutes. Section 4281u-4 provides in part:

> "Any member of the fiscal court of any county, or of the common or general council of any city, or of the board of trustees of any town, who shall knowingly vote for any appropriation of money, or for the making of any contract in violation of this act, or any officer of the county, city or town who shall knowingly do any act to impose upon the county, city or town any pecuniary liability in excess of the authority in this act limited, shall be guilty of a misdemeanor and, upon conviction, be punished by fine of not less than one hundred dollars ($100.00) nor more than five hundred dollars ($500.00), or imprisoned in the county jail not less than one month nor more than twelve months, or both so fined and imprisoned."

A further check against such expenditure is provided by section 1851c-11 of the Statutes under the Uniform Budget System.

In the case at bar the debt sought to be refunded is made up of warrants charged against thirteen separate accounts:

| | |
|---|---:|
| Salaries and fees of county officials | $16,689.96 |
| Pauper and pauper idiots | 13,816.13 |
| Election claims | 4,163.39 |
| State Board of Health and Vital Statistics | 1,134.29 |
| Repairs—Court House and Jail | 3,643.17 |
| Supplies—Court House and Jail | 904.61 |
| Dieting prisoners | 5,557.06 |
| Insurance on county property | 437.32 |
| Inquests | 173.00 |
| Light, heat and power | 463.55 |

Taxes refunded ........................ . 8.50
Printing ............................. 805.97
Miscellaneous expense ................. 737.71

Total ...........................$48,534.66

· The proof shows that for the year 1932 the expenditures made by the county were considerably less than its total collections. As to warrants issued during that year, therefore, we conclude that their validity cannot be questioned under sections 157 and 158 of the Constitution. As to warrants issued during other years, we are asked to approve their validity as representing indispensable governmental expenditures. As to the greater part of the items listed, their validity as necessary governmental expenses has already been established by the decisions of this court. Compare Breathitt County v. Cockrell, 250 Ky. 743, 63 S. W. (2d) 920, 92 A. L. R. 626; Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961. As to a number of the items, however, it is possible that they may have been indispensable governmental expenses, but the record is devoid of proof from which we can determine this fact. We are compelled, therefore, to withhold our approval of these items except such as were made during the year 1932.

The item of $1,134.29 representing payments to the State Board of Health and Vital Statistics is made up of several hundred claims running all the way from 25 cents to $125. We are given no information as to what these claims may be other than that they come under the heading of the State Board of Health and Vital Statistics. To the extent of $152 in warrants issued during the year 1932, we have no hesitancy in giving them our approval. The remaining amount of $982.29 cannot be approved as a governmental expense in the absence of some proof on the subject. Similarly, the item of $805.97 for printing fails to show what printing was done. One expenditure was made during the year 1932, leaving a balance of $725.34, to which we are unable to give our approval because of the absence of proof. Under miscellaneous expenses, there is sufficient information to enable us to approve items aggregating $102.97, leaving a balance of $634.74 which we cannot approve.

While the proof is not entirely satisfactory on some of the other items in the list, we feel that with the exception of $2,342.37, we can with propriety approve the

validity of the principal of the obligations set out above either as having been made during the year 1932, when the county expenditures were less than its income, or as having been made in other years for indispensable governmental expenses. Of course, the withholding of our approval of a part of the principal of the obligations will result in an additional reduction for the item of interest on these obligations represented in the total of $58,000 par value of bonds which it is proposed shall be issued. In fine, we approve the issue of bonds to refund a principal amount of $46,192.29, together with interest thereon, as proposed in the resolution of the fiscal court before us.

Judgment reversed for proceedings consistent herewith.