## Richardson v. Monroe County.

(Decided Oct. 26, 1937.)

As Modified on Denial of Rehearing Jan. 11, 1938.

STITES & STITES and NORRIS McPHERSON for appellant.
JAMES C. CARTER and PAUL CARTER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

On May 26, 1937, the fiscal court of Monroe County adopted and entered an order providing for the issuance and sale of bonds in the sum of $50,000 to fund a floating indebtedness of the county in the principal sum of $44,383.56, together with accumulated unpaid interest thereon.

Thereafter Mitchell Richardson, a citizen and taxpayer of the county, on behalf of himself and all other residents and taxpayers of the county, brought this action under the Declaratory Judgment Act (Civil Code of Practice, sec. 639a-1 et seq.) attacking the legality of the proposed issuance and sale of bonds, alleging that

the court was acting without right or authority and asking for a declaration of rights and that the issuance and sale of bonds be enjoined.

By answer the county denied that the fiscal court was without lawful authority to adopt or approve the order or to issue and sell the bonds attempted to be authorized thereby and alleged in substance that the indebtedness proposed to be funded was incurred during the years 1922 to 1934, inclusive, and was occasioned by delinquencies and failure to collect taxes. There was filed as an exhibit with the answer a copy of the order of the fiscal court and also schedules showing in detail the assessed value of the property subject to taxation for the years in question, the amount that would have been realized from the maximum levy that might have been made, the various items of indebtedness proposed to be funded, and the years in which they were incurred. It is alleged and shown by the schedule that the county had no other outstanding indebtedness except a balance of $94,000 road and bridge bonds unpaid out of an original issue of $130,000 issued on July 1, 1926, under the provisions of section 157a of the Constitution. It is further alleged and shown by the schedule that the expenditures and indebtedness incurred in none of the years exceeded the revenues for such years except the years 1931, 1932, and 1934.

It prayed that the floating indebtedness in the principal sum above indicated together with interest thereon be adjudged a valid, subsisting, and binding obligation of the county and for approval of the proposed issuance and sale of the bonds in the sum of $50,000 to refund such indebtedness, etc.

By amended answer the county alleged that it had entered into a contract with the Bankers Bond Company of Louisville, Ky., by the terms of which in consideration of services to be rendered by the latter in connection with the issuance of the funded bonds, including legal services and the preparation and printing of bonds, etc., it had agreed to pay to the Bankers Bond Company a sum equal to 5 per cent. of the aggregate principal of the amount of bonds issued for such purpose after same had been properly validated by judgment of a court of competent jurisdiction; that no provision had been made for the payment of the compensation provided for in the contract; that it would be necessary to authorize bonds similar and additional

to the ones covering the floating indebtedness and it prayed for relief accordingly.

On final hearing it was adjudged that all the indebtedness proposed to be funded was a valid, outstanding indebtedness against the county and that the proposed issuance and sale of bonds as prayed be approved, including bonds to cover the expenses incurred in connection with the issuance and sale of the bonds as referred to in the county's amended answer, and that the taxpayers' petition be dismissed, and he is appealing.

In brief for appellant it is merely stated that before the county may fund the floating indebtedness, it is necessary that it follow the procedure prescribed by sections 186c-6 and 186c-7, Kentucky Statutes; that the action was brought for the purpose of putting the county to strict proof of the validity of the indebtedness proposed to be funded; that the county had attempted to meet the burden imposed upon it by statute and it is for the court to say whether it has met the burden.

The record discloses that this action is of a very friendly nature; however, it apparently evidences an earnest purpose to make a full disclosure of the county's affairs. It was stipulated that the schedules and statement filed as an exhibit with the answer are correct. This of itself would not be sufficient since it would have amounted to nothing more than a self-serving declaration. See Ballard v. Adair County, 268 Ky. 347, 104 S. W. (2d) 1100; however, an accountant who audited the books and affairs of the county testified from his examination as to the correctness of the matters shown in these schedules and statements, as also did the county court clerk who testified from records of his office. The evidence discloses that the only outstanding indebtedness of Monroe County, other than that purposed to be funded, is a balance of road and bridge bonds in the sum of $94,000; and this should not be considered in determining whether the 2 per cent. limitation prescribed by section 158 of the Constitution has been exceeded. See Shearin v. Ballard County, 267 Ky. 737, 103 S. W. (2d) 292. It is shown that no item of the indebtedness when incurred and when added to all other existing indebtedness at the time, exclusive of the road and bridge bonds, exceeded the 2 per cent. limitation fixed by the Constitution. The evidence further shows that the expenditures made in the years in which the

various items of floating indebtedness were incurred did not exceed the revenues that might reasonably have been anticipated, or that might have been realized from the maximum levy by law for such years, except in the years 1931, 1932, and 1934, in which the expenditures exceeded the revenues that were or might have been realized in the sums of $898.81, $5,680.17, and $2,527.76, respectively.

It is argued in brief for appellee in effect that these excess expenditures were for necessary governmental expenses and therefore same may be funded under the provisions of the Constitution as interpreted by this court. In Ballard v. Adair County, supra, and cases therein cited, it has been held that, under sections 157 and 158 of the Constitution, a county may pay necessary governmental expenses notwithstanding such claims exceed the revenues for the particular year when made. While the evidence relating to the excess expenditures for the years, 1931, 1932, and 1934 conduces to show that most of the items of such indebtedness were for necessary governmental purposes, we find the following items which clearly do not come within that category: Miscellaneous expenses for 1931, $10 and for 1934, $9. Donations for 1932, $125, and for 1934, $160.

In Randolph v. Shelby County, 257 Ky. 297, 77 S. W. (2d) 961, 963, it is said:

"For, if an indebtedness is valid at the time it is incurred, it cannot be rendered invalid by a failure to levy up to the limit of the Constitution, or by subsequently incurring other indebtedness not indispensably necessary to the maintenance of the government."

It is not shown whether the above items of indebtedness were incurred before revenues for the particular year had been exceeded, and the county therefore failed to meet the burden imposed upon it by statute of showing that they constituted part of the valid floating indebtedness.

Concerning the expenses incurred in connection with the proposed bond issue as set out in the county's amended answer, and without determining whether the county was authorized to incur such indebtedness at all, it is sufficient to say that it does not constitute any of the floating indebtedness proposed to be funded and we find no authority conferred by Constitution or statute

upon fiscal courts to fund such obligations, and to that extent and to the extent of the items above enumerated as not necessary governmental expenses, the chancellor erred in approving the issuance and sale of the bonds.

For the reasons indicated the judgment is reversed, and cause remanded with directions to enter judgment in conformity with this opinion.