## McHargue v. Laurel County.

(Decided Nov. 16, 1937.)

L. B. McHARGUE for appellant.

C. R. LUKER for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

This is an appeal from the Laurel circuit court adjudging legal the issuance of refunding bonds in the sum of $45,000, under and in pursuance of section 186c-6 et seq., Kentucky Statutes.

It is admitted by appellee as well as shown by the evidence that the several items of indebtedness that made up the sum of $45,000, sought to be refunded, are composed of amounts due for governmental obligations of the county or for public purposes. The object of this appeal is to obtain the approval of the court in an effort on the part of the fiscal court of the county to issue bonds for that amount.

We have repeatedly held that a valid floating debt of a county or other municipality may be refunded without a vote of the people, provided the debts when created were valid and not in violation of sections 157 and 158 of the Constitution of Kentucky. From the evidence we find no part of said debt invalid. Ballard v. Adair County, 268 Ky. 347, 104 S. W. (2d) 1101.

Under section 186c-7 of the statute, it is necessary for the court to ascertain from the record (1) whether the officials of the county at the time exercised or gave the proper attention in making said debts and with due regard for the finances of the county; and (2) whether the expenses or debts were for public purposes and whether such expenses were within the limitations of sections 157 and 158 of the Constitution.

The proof shows, we think abundantly, that the officials in charge at the time the debts were made were unusually careful and prudent in managing the finances of the county; and that no debts were made except to pay governmental expenses, such as salaries and fees of county officers, election claims, dieting prisoners, etc., janitor service, poor house fees, light, heat, and power, insurance, pauper claims, printing, state board of charities and corrections, taxes refunded, and other miscellaneous expenses. Ballard v. Adair County, supra.

It is true there is drawn a distinction between expenditures essential to the operation of the government of the county and expenditures which may be for the benefit of the public, discretionary on the part of the fiscal court in making them. The proof is to the effect that the larger part of the indebtedness was for governmental expenses, the payment of which was wholly obligatory, and the remainder was for public purposes. All were within the limitations of sections 157 and 158 of the Constitution.

It follows that the county may, under the facts conceded and proven, properly fund the said indebtedness and issue the bonds sought by the pleadings for the refunding of the amount due. Vaughn v. City of Corbin, 217 Ky. 521, 289 S. W. 1104; Bartlett v. City of Winchester, 261 Ky. 694, 88 S. W. (2d) 698; Smith v. Nicholas County, 266 Ky. 240, 98 S. W. (2d) 942, and cases cited therein; Harris v. Holt et al., 266 Ky. 576, 99 S. W. (2d) 759; Lock v. City of Middlesboro, 267 Ky. 19, 101 S. W. (2d) 203.

Judgment affirmed.