# First Nat. Bank of Princeton v. City of Princeton.

(Decided May 3, 1938.)

J. GORDON LISANBY for appellant.

R. W. LISANBY for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming in part and reversing in part.

This appeal is from a judgment of the Caldwell circuit court holding various items of indebtedness of the City of Princeton to be valid and within the limits fixed by the Constitution and that the city may issue bonds to fund same. The sums sought to be funded and making up the aggregate amount referred to in the judgment are $15,600 due the First National Bank of Princeton with interest thereon amounting to $286 and the further sum of $3,000 due such bank with interest amounting to $50, which indebtedness is evidenced by judgments against the city; $12,500 due Carey-Reed Company, represented by a judgment against the city and $6,000 represented by unliquidated demands of the

Carey-Reed Company against the city; but by way of compromise Carey-Reed Company has agreed to accept $15,500 in satisfaction of all its debt demands. There is also included in the judgment the sum of $1,000 to cover the costs of this proceeding.

There are five volumes of the record, most of which consists of pleadings, exhibits, etc., in the actions in which the judgments against the city were rendered. As evidenced by the record and stated by counsel for respective parties as well as by judgment in one of the actions, the fiscal affairs of the city have been conducted in a very slipshod manner and its records are in a deplorable condition. No records of assessments for the years involved can be found, and there was little, if anything, from which the amount of outstanding indebtedness against the city at any time could be determined. An audit made for the city and covering most, if not all, of the periods involved has been filed and preserved in the city's archives and, while this did not show the assessed values of the property of the city subject to taxation for any of the years, it did disclose the amount of property taxes collected and the rate of taxation for the various years covered by the audit, and in this way the assessed value of the property could be determined with a reasonable degree of accuracy. Briefs filed by the respective parties are not found very helpful, since they relate mainly to the validity of the indebtedness proposed to be funded in so far as the limitation prescribed by section 158 of the Constitution is concerned. On that phase of the case it may be said that, while the evidence is not as clear and convincing as it might be, we do not feel authorized from the evidence as a whole to disturb the chancellor's finding that the aggregate indebtedness of the city for any of the years in question did not exceed the limits prescribed by section 158 of the Constitution.

So far as the judgment indebtedness against the city is concerned, it is shown that judgments for the amounts above indicated against the city have prior to the institution of this litigation been rendered and are still in full force and effect, and in the circumstances shown we are not inclined to go behind those judgments or to disturb the chancellor's finding that they were and are valid and existing obligations of the city and may be funded. But, so far as our investigation of the records reveals, no attempt was made to show that the

unliquidated claims of Carey-Reed Company against the city, when considered in connection with other indebtedness incurred during the years involved, did not exceed the revenues for such years, and counsel for the respective parties apparently have overlooked or disregarded that phase of the case and have failed to point out wherein the funding of such indebtedness may be justified under section 157 of our Constitution.

We therefore are constrained to hold that the city has failed to meet the burden imposed upon it by section 186c-7, Kentucky Statutes, in so far as the unliquidated indebtedness to Carey-Reed Company is concerned. It is further apparent that the court erred in holding that the sum of $1,000 to cover the costs of this litigation, etc., might be funded. In the recent case of Richardson v. Monroe County, 271 Ky. 368, 112 S. W. (2d) 47, it was held that indebtedness incurred in connection with a proposed bond issue did not constitute a floating indebtedness that might be funded under the bonds proposed to be issued.

Wherefore, the judgment in so far as it holds the judgment indebtedness against the city to be valid and that bonds may be issued to fund same is affirmed, but, as to all other items of indebtedness authorized to be funded reversed.