## Williams et al. v. Taylor County.

(Decided June 14, 1938.)

218

WILLIAM H. CRUTCHER, JR., for appellants.

FRED FAULKNER, County Attorney, for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

D. T. Williams, on behalf of himself and other citizens and taxpayers appealed from a judgment rendered in the Taylor circuit court on the 28th day of May, 1938, approving Taylor County, Kentucky, in the issue of $70,000 funding bonds to liquidate the whole of the floating indebtedness of the county.

This action was brought under the Declaratory Judgment Act, Section 639a-1 et seq., Civil Code of Practice, in pursuance of Section 186c-6 et seq., Kentucky Statutes. It was abundantly shown by the evidence and the exhibits on file that the indebtedness that made up the $70,000 sought to be funded was composed of amounts due for governmental obligations and for public purposes. The object and purpose of this appeal is to obtain a judgment of the court approving the validity of the bonds to be issued by the fiscal court of the county. We have held in a number of cases that the valid floating debt of a county or other municipality may be funded without a vote of the people, provided the debts created were valid when made and not in violation of Sections 157 and 158 of the Constitution of Kentucky. We have further held in construing Section 186c-7 of the statute: (1) That it was necessary for the

court to ascertain whether the fiscal court or such officers on whom the duties were imposed, had exercised and given proper attention and due regard in making the debts for the finances of the county; and (2) whether the expenses and debts were for governmental purposes only or for public purposes and within the limitations of Sections 157 and 158 of the Constitution. The law imposes, in an action like this, the burden upon the county to show by competent and relevant evidence, satisfactory to the court, that at the time the debts were made and the warrants issued by the fiscal court of the county, that the debts were valid and not in conflict with the constitution. It is shown that the trial court had jurisdiction and that there was an actual controversy between the parties.

From a careful and critical review of the exhibits and the depositions of the witnesses on file, and without detailing the evidence, or of entering into a discussion of the application of the law to the particular facts, because numbers of similar cases, involving the same question, have been before the court so often, and from so many different angles, that for fear of being charged a plagiarist, we will say that the proof and exhibits filed with the record convinces the court that the debt sought to be funded was valid at the time made and no part of the warrants in conflict with the constitution. Most of the debts that were reduced to warrants that made up the $70,000 were for governmental expenses, such as salaries and fees of county officers, election claims, the dieting of prisoners, pauper claims, and other similar claims that are necessarily governmental expenses.

On the authority of Ballard v. Adair County, 268 Ky. 347, 104 S. W. (2d) 1100; McHargue v. Laurel County, 270 Ky. 638, 110 S. W. (2d) 419, and citations therein, the $70,000 sought to be bonded is authorized and approved. It therefore follows that the county may, under the pleadings and proof, fund the indebtedness of the county and issue the bonds for the whole indebtedness of the county as sought.

Wherefore, the judgment is affirmed.