# Jones v. City of Benton et al.

Feb. 25, 1941.

Henry H. Lovett for appellant.

Grafton & Grafton for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The legislature passed an Act in 1932, Chapter 119, to enable cities of the third class to acquire, construct, operate and maintain electric plants, and to issue bonds payable solely from the revenues from such plants to pay the costs thereof. The act contained no mandatory provision for an election on the proposition, but the third section thereof, Section 3480d-3 of the Statutes, did provide, among other things, the manner of holding an election on the proposition upon the presentation to the Common Council or Board of Commissioners of a petition signed by 200 or more qualified voters of the city. The provisions of the aforementioned act were extended to cities of the second, fourth, fifth and sixth classes by Chapter 77, Acts 1936. The title of the 1936 Act referred only to the extension of the 1932 Act to the classes of cities mentioned. It was provided in the body of the act, however, that the proposition to purchase, establish or operate an electric plant and to issue revenue bonds for the payment thereof be submitted to the voters, thus making the election compulsory. We held in the case of Booth v. City of Owensboro, 275 Ky. 491,

122 S. W. (2d) 118, 120, that the part of the act providing for a compulsory election was unconstitutional, and therefore void, in so far as it applied to cities of the third class. In that opinion we said:

"The case does not require an expression of opinion as to whether the other part of the 1936 Act, which extends the 1932 Act to cities of the second, fourth, fifth and sixth class, is valid or is void."

This declaratory judgment proceeding presents squarely to us the question that we did not pass upon in the Booth case. Benton, a city of the fifth class, has entered into an agreement to purchase from a private concern the electric plant which supplies the city. The purchase price is $90,000. Due notice of the proposition was published as required by Section 3480d-3 of the Statutes. This friendly suit was begun during the notice period and before a petition had been submitted for an election on the proposition. The lower court ruled in favor of the city and authorized the issuance of bonds in the amount of $95,000; $90,000 for the purchase of the plant and $5,000 for the expenses incurred in connection with its acquisition. No question is raised as to the reasonableness of the expenses mentioned, though question is raised as to whether or not bonds can be issued for such a purpose. It is also insisted that Chapter 77 of the Acts of 1936 is unconstitutional. We will dispose of the latter question first.

We think the primary purpose of the 1936 Act was the extension to second, fourth, fifth and sixth class cities of the right enjoyed by third class cities under the 1932 Act to acquire electric plants. The title to the 1936 Act clearly indicated that purpose. As said in the Booth case, the body of the act contained a substantial restriction; its omission was concealment; and:

"* * * Members of the legislature particularly interested in legislation affecting cities of the third class could not have known from reading the title that their existing power as to this subject was being materially curbed. No member was advised by the title that the extension of the authority to cities of the other classes was being likewise limited. The people who are usually apprised of proposed legislation through publication of only the title of

pending bills or the substance tnereof in the Legislative Digest and newspapers probably were never informed of this change in the existing law."

The 1936 Act was complete within itself without the provision for a compulsory election and it conformed to its title. There is little ground for the contention that the legislature would not have passed the 1936 Act without the election provision therein because the 1932 Act, as heretofore mentioned, contained a provision for an election upon the proposition upon submission of a petition signed by 200 voters of the city. There is no basis for the presumption that the legislature intended that only cities of the third class could acquire an electric plant without first having a referendum on the proposition, while cities of the second, fourth, fifth and sixth classes could not do so. The reasoning in the Booth case is applicable here, so we hold that the part of the 1936 Act declared to be void and unconstitutional as to third class cities is void and unconstitutional also as to cities of the second, fourth, fifth and sixth classes.

Section 2 of the 1932 Act, Section 3480d-2 of the Statutes, provides that bonds may be issued "for the purpose of defraying the cost of acquiring any such electric * * * plant." Section 6 of that Act, Section 3480d-6 of the Statutes, provides that all moneys received from the bonds in question "shall be applied solely for the purchase, establishment, or erection of such electric light, heat and power plant and extensions thereto and necessary appurtenances." These portions of the 1932 Act indicate clearly that necessary and reasonable expenses incurred in connection with the acquisition of an electric plant may be included in the bond issue. The bonds are payable solely from the income from the electric system and are not obligations of the city. It is proper that the actual and necessary expenses incurred in the acquisition of such a plant should be met from the income from the plant just as the purchase price is to be met. The cases of Richardson v. Monroe County, 271 Ky. 368, 112 S. W. (2d) 47; and First National Bank of Princeton v. City of Princeton, 273 Ky. 601, 117 S. W. (2d) 210, cited by the appellant, do not involve indebtednesses such as that in the case before us. Those cases are not in point.

Complaint has been directed also to the notice pub-

lished by the city on the purchase proposition; but we have indicated already that we think the notice was in compliance with Section 3480d-3 of the Statutes.

Wherefore, the judgment is affirmed.

Whole Court sitting except Judge Perry.