LYONS v. CITY OF GRAND RAPIDS.

1. MUNICIPAL CORPORATIONS—WORKMEN'S COMPENSATION.
   An incorporated city is a municipal corporation and, as such, is subject to the workmen's compensation act (2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931).

2. WORKMEN'S COMPENSATION — APPEAL AND ERROR — FINDING OF FACT—EVIDENCE.
   The findings as to facts by the department of labor and industry are conclusive upon Supreme Court if there is any competent evidence to sustain such findings (2 Comp. Laws 1929, § 8451).

3. SAME—APPEAL AND ERROR—WEIGHT OF EVIDENCE.
   Supreme Court may not weigh evidence on appeal from award of department of labor and industry but must sustain the award even though it might come to a different conclusion based upon weight of evidence introduced (2 Comp. Laws 1929, § 8451).

4. SAME—POLICEMAN—FALL IN DRAIN PIT—PROXIMATE CAUSE.
   Award of department of labor and industry to defendant city in proceeding brought by policeman injured by fall in drain pit *held*, supported by some evidence that disability is in no way connected with injury received (2 Comp. Laws 1929, § 8451).

5. SAME—APPEAL AND ERROR—QUESTIONS REVIEWABLE—WAIVER OF COMPENSATION—PENSIONS.
   Question as to policeman's waiver of provisions of workmen's compensation act by acceptance of pension payments from city is not considered on appeal from award to defendant city based, also, on finding of fact in its favor supported by some evidence (2 Comp. Laws 1929, §§ 8413, 8451).

Appeal from Department of Labor and Industry. Submitted January 22, 1936. (Docket No. 95, Calendar No. 38,493.) Decided March 2, 1936.

James Lyons presented his claim against City of Grand Rapids, a municipal corporation, for compensation for accidental injuries sustained while in

its employ.   Award to defendant.   Plaintiff appeals.
Affirmed.

*Dunham & Sherk,* for plaintiff.

*Ganson Taggart* and *Louis H. Grettenberger,* for
defendant.

EDWARD M. SHARPE, J.   This is an appeal from a
denial of an award by the department of labor and
industry.   Plaintiff became a member of the Grand
Rapids police force in 1924 and has served it in the
capacity of a patrolman.   The defendant, city of
Grand Rapids, is a municipal corporation and as
such is subject to the terms of the compensation
law.[*]

On the night of November 19, 1931, and while on
duty as a patrolman, plaintiff slipped and fell into
an oil pit, striking his back on the edge of it.   He re-
ported the accident to his superior officer and was
relieved from duty and taken home.   December 2,
1931, plaintiff filed a ''Claim Against the City of
Grand Rapids, Michigan, For Pension of Injury''
for $29.09 which was paid.   In this report or claim
for injury the word ''compensation'' was crossed
out and the word ''pension'' written in.   Other and
similar reports were filed by plaintiff and paid by
the city of Grand Rapids.   In February, 1934, plain-
tiff filed a petition with the city of Grand Rapids for
a pension because of disability incurred in line of
duty and appeared personally in support of this peti-
tion which was denied.   Following this action upon
the part of the city commission of Grand Rapids,
plaintiff sought a writ of mandamus out of the supe-
rior court of Grand Rapids and this was denied on
the ground that the city commission had not abused

[*] See 2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub.
Acts 1931.—REPORTER.

its discretion in its denial of plaintiff's petition. Plaintiff next filed a notice and application for adjustment of claim with the department of labor and industry in which he stated that his claim for injuries is based upon an accident which occurred November 19, 1931, and resulted in: "Back injuries, severe wrenching of same, causing certain vertebræ to slip out of place, which in turn causes paralysis of left side and lighting up of head injuries received in previous injury. Claimant totally disabled." To this claim defendant denied liability on the ground that the disability of plaintiff did not arise out of injuries incurred or sustained while on duty, but were due to plaintiff's wilful misconduct and drinking of intoxicating liquors to excess; that plaintiff elected to receive, and did receive, a pension as provided for by the city charter and thereby waived the provisions of the compensation law.

In due time the matter came before the deputy commissioner who denied an award; and upon appeal to the department of labor and industry, the department affirmed the deputy's holding that plaintiff had waived the provisions of the compensation law by accepting a pension and that the disability from which plaintiff suffers is not a result of the injuries sustained in the accident of November 19, 1931.

The finding as to facts by the department of labor and industry is conclusive and binding upon this court if there is any competent evidence to sustain such finding.* We may not weigh the evidence and must sustain the award of the department even though we might come to a different conclusion based upon the weight of the evidence introduced. In this cause, plaintiff produced evidence tending to sustain

---

* See 2 Comp. Laws 1929, § 8451.—REPORTER.

an award, but we cannot reverse an award upon the ground that the department might have found the other way. *Glenn* v. *McDonald Dairy Co.,* 270 Mich. 346.

Dr. Paul W. Kniskern, a witness produced and sworn on behalf of defendant, testified that an examination of plaintiff disclosed that he had arteriosclerosis in the arteries of the retina and an absence of one of the left ankle reflexes; that an examination of plaintiff in September, 1934, and at the time of the trial disclosed no disability or disabling symptoms; that there was no evidence of a slipping of the vertebræ and that if there had been it probably would have caused permanent paralysis; and that the present condition of plaintiff could be attributed to a break-down in the brain tissue and in no way related to the fall in the drain pit.

Dr. Elmer W. Schnoor, a witness produced and sworn on behalf of the defendant, testified that when he examined plaintiff he complained of headaches, loss of memory, pain in leg and hip, dizziness, numbness of left hand, and shortness of breath; and that in the opinion of the doctor the alleged incapacity was caused from brain disturbances. In view of the testimony of the doctors produced by the defendant, there was some testimony upon which the department could make the finding that it did; and in accordance with 2 Comp. Laws 1929, § 8451, we must adopt the finding of facts of the department of labor and industry as conclusive. In view of our determination upon this matter, we find it unnecessary to pass upon the other question involved.

The award of the department of labor and industry is affirmed. Defendant may have costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, POTTER, and TOY, JJ., concurred.