CESSANTE *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—APPEAL AND ERROR—FINDING OF FACT—EVIDENCE.
   The findings as to facts by the department of labor and industry are conclusive upon Supreme Court if there is any competent evidence to sustain such findings (2 Comp. Laws 1929, § 8451).

2. WORDS AND PHRASES—HERNIA.
   A hernia is the peritoneum going through the inguinal ring, accompanied by the intestines or some other substance.

3. WORKMEN'S COMPENSATION—FINDING OF DEPARTMENT—POTENTIAL HERNIA.
   Finding of department of labor and industry that employee had merely a potential hernia or a condition of predisposition to hernia *held,* supported by evidence showing no protrusion through the internal inguinal ring.

Appeal from Department of Labor and Industry. Submitted January 6, 1938. (Docket No. 61, Calendar No. 39,618.) Decided April 4, 1938. Rehearing denied June 14, 1938.

Nunzio Cessante presented his claim against Ford Motor Company for compensation for injuries suffered in defendant's employ. Award denied. Plaintiff appeals. Affirmed.

. *Dann & Atlas,* for plaintiff.

*E. C. Starkey* and *W. J. Jones,* for defendant.

SHARPE, J. May 20, 1936, plaintiff filed a notice and application for adjustment of claim for compen-

sation alleging that while in the employ of defendant company in April, 1931, he suffered a compensable accident. Defendant denied liability and the matter came on for hearing before a deputy labor commissioner who entered an award for plaintiff.

From this award plaintiff appealed and on March 23, 1937, the department reversed the award made by its deputy. Plaintiff appeals and contends that while exerting an unusual amount of effort in cranking an axle, he slipped on the oily floor, fell down and immediately felt a sharp pain in his left groin and reported the accident to his foreman who sent him to the first aid. At the hearing before the deputy commissioner, Dr. Grekin, a witness produced on behalf of the plaintiff, testified that he examined plaintiff a few days after the claimed accident. His testimony is as follows:

"*Q.* And what did you examine him for?

"*A.* He came to me complaining of pain in the left groin.

"*Q.* And did you make a diagnosis?

"*A.* Yes; I did.

"*Q.* And what was your diagnosis?

"*A.* Left indirect inguinal hernia.

"*Q.* Did you examine him again after that, doctor?

"*A.* Examined him again on June 29, 1936.

"*Q.* June 29, 1936?

"*A.* Yes.

"*Q.* And what was your diagnosis at that time?

"*A.* Left indirect inguinal hernia."

Dr. Klebba, a witness produced by the defendant company, testified that he examined plaintiff June 4, 1936. His testimony is as follows:

"*Q.* Any evidence of an enlarged ring in this patient?

"*A.* Yes, there is an enlarged ring on both sides more so on the left side than on the right side.

"*Q.* But, in your opinion, that condition on the left side doesn't meet the requirements of a hernia?

"*A.* It is my opinion that you could refer to that as a potential hernia, or, if somebody did refer to it as a hernia, it is just a question of one's personal opinion. In my opinion, nothing is a hernia unless you have a protrusion of the viscus outside of its natural cavity, and there is no protrusion of the viscus through these rings there, but there is a sharp mass by inserting your fingers in the rings and getting up on to the abdominal cavity. Some men call anything in there where there is a sharp mass, a hernia, and others don't call it a hernia until it has descended. In this case, it is my opinion that the viscus has not descended through the rings."

It is the claim of plaintiff that the evidence warrants a finding that an indirect inguinal hernia is the same as an oblique inguinal hernia; and that there is no evidence to sustain the finding of the department that plaintiff is suffering from a potential hernia. The problem in the case at bar is to determine whether or not there is competent evidence to sustain the finding of the department. In *Lyons* v. *City of Grand Rapids,* 274 Mich. 588, we said,

"The finding as to facts by the department of labor and industry is conclusive and binding upon this court if there is any competent evidence to sustain such finding."*

We have had occasion heretofore to discuss the subject of hernia in its relation to a compensable injury. In *Robbins* v. *Original Gas Engine Co.,* 191 Mich. 122, we said:

"All the experts seem to agree that the visible evidence of the hernia is the protrusion through the

* See 2 Comp. Laws 1929, § 8451.—Reporter.

inguinal ring of the peritoneum and its contents: 'the hernia is the peritoneum going through, accompanied by the intestines or some other substance.' "

In the case at bar there was no protrusion through the internal inguinal ring. The evidence sustains the finding of the department that plaintiff had a potential hernia or a condition of predisposition to hernia.

The order of the department denying compensation is affirmed, with costs to defendant.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.