## Tenaro, Appellant, *v.* Keasby & Mattison Company.

Argued December 14, 1942.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*David L. Ullman,* for appellant.

*Frederick L. Fuges* and *Ralph N. Kellam,* for appellee.

OPINION BY KENWORTHEY, J., February 26, 1943:

In this workman's compensation case the basic facts are virtually undisputed. On November 16, 1939, claimant suffered an accident. Four days later, on November 20th, he was examined by a physician who discovered, in the right inguinal region, an "impulse on coughing"; there was no protrusion until November

24th when the hernia had descended so there was a visible bulge.

Claimant concedes he has not met the measure of proof required by the "hernia amendment." Act of June 21, 1939, P. L. 520 §1, added to Act of June 2, 1915, P. L. 736, Art. III, §306(h), 77 PS §515. There was evidence that on October 26, 1939, (about three weeks before the accident) while lifting a heavy weight, claimant felt a sharp pain in his right groin. He testified he felt no descent or protrusion. But an expert witness, who examined him for the first time several months after the accident, testified that in his opinion there was a herniation on October 26th. And, based upon this expert's opinion, claimant contends the accident of November 16th aggravated a pre-existing hernia, and that, on the authority of *Tragle v. Hollis Chocolate Co.*, 111 Pa. Superior Ct. 98, 169 A. 472 and cases following it, the requirement of strict proof was inapplicable.

The compensation board dismissed the petition and the common pleas affirmed. This appeal followed.

In all the cases relied on the pre-existing hernia was conceded or clearly proved. We need not concern ourselves with the quality of proof necessary to establish a pre-existing hernia, whether it must be incontrovertible. We agree with the statement of the court below: "The difficulty with claimant's contention in this case is that there is no adequate evidence to prove the allegation that the claimant had a pre-existing hernia at the time of the accident on November 16, 1939 . . . . . ."

"Hernia" is, "The protrusion of a loop or knuckle of an organ or tissue through an abnormal opening." The American Illustrated Medical Dictionary (19th ed.) Surgically, an indirect inguinal hernia may be said to exist as soon as there is a protrusion through the internal ring into the canal. But we are not concerned

with niceties in the science of surgery; we are construing a word put in a statute and commonly used by laymen. In *Berner v. P. & R. C. & I. Co.*, 100 Pa. Superior Ct. 324, 329, and *Pollock v. Clairton School Dist.*, 100 Pa. Superior Ct. 333, 338, we declared that in our opinion the legislature, by "hernias," intended to mean "the ordinary hernias, or 'ruptures,' which give evidence of their occurrence by a protrusion from some part of the abdominal cavity."[1] If that is the only kind of hernia the legislature has made compensable (see *Pollock v. Clairton School Dist.*, supra) it follows, with irresistible logic, that is also the only kind of hernia the pre-existence of which may be said to relieve a claimant of the strict proof required by section 306(h); and we now declare that, in announcing the rule of *Tragle v. Hollis Chocolate Co.*, supra, we, likewise, had in mind that kind of hernia.

Claimant's case fails because of his own testimony that, prior to the accident of November 16th, he had no palpable protrusion and therefore no rupture or hernia in the popular sense; and when the legally cognizable hernia ultimately developed, it, in view of the strict standard fixed by law, must be considered as a physical weakness or ailment which developed gradually and not the result of any accident.

The assignment of error is overruled and judgment entered for defendant.

---

[1] Although we were there discussing the prior amendment, the Act of April 13, 1927, P. L. 186, 189, obviously what we said is equally applicable to the Amendment of 1939.