393 P.2d 449

Jacquelyn Leona **FLOURNOY**, Administratrix of the Estate of H. F. Shumate, Deceased, Plaintiff-Appellant,

v.

E. P. **CAMPELL DRILLING COMPANY** and the Aetna Casualty & Surety Company, Defendants-Appellees.

No. 7406.

Supreme Court of New Mexico.

June 15, 1964.

Heidel & Swarthout, Lovington, for appellant.

Atwood & Malone, Bob F. Turner, Russell D. Mann, Roswell, for appellees.

PER CURIAM:

Upon consideration of motion for rehearing, the former opinion is withdrawn and the following is substituted therefor.

OPINION

COMPTON, Chief Justice.

The appellant's intestate, H. F. Shumate, on June 27, 1960, while employed by E. P. Campbell, d/b/a E. P. Campbell Drilling Company, as a tool dresser, sustained an accidental injury, which resulted in a right inguinal hernia which was repaired by surgery in July, 1960. All hospital, doctor and medical expenses incurred in connection therewith were paid by the defendants. In addition thereto the defendants paid compensation benefits for temporary total disability during recovery over a period of 12

weeks, from June 27, 1960 to September 27, 1960.

Subsequently, on December 16, 1960, the plaintiff Shumate instituted this action against the defendants for recovery of compensation benefits based upon the same accident which allegedly resulted in injuries to the vertebrae, muscles and nerves of his back, and which also allegedly resulted in a left inguinal hernia of which the defendants had both notice and actual knowledge.

The defendants specifically denied each material allegation of the complaint, except the employment status and the injury to the right groin which had resulted in the hernia for which the plaintiff had been fully compensated as previously noted. The defendants specifically denied notice of any other injury resulting from the accident.

The court found that as a result of the accident the plaintiff sustained an injury to his back and neck, thus disabling his body as a whole to the extent of 10%. Judgment was entered accordingly, from which no appeal is taken. Before the judgment was entered, however, the plaintiff died, and his legal representative, the appellant Flournoy, appealed from the judgment denying compensation benefits for the left hernia.

The pertinent findings read:

"6. Plaintiff did not give written notice of the alleged injury to his left groin until more than 30 days after the alleged occurrence thereof and there is no showing that there was cause or causes beyond Plaintiff's control preventing him from giving such written notice within said time.

"7. The Defendant employer, his superintendents, foremen or agents in charge of the work in connection with the said accident did not have actual knowledge of any injury to Plaintiff's left groin.

"8. At the time of the trial of this cause, Plaintiff was disabled by reason of injuries to his head and neck in the amount of 10% of the body as a whole from performing his regular occupations for which he was qualified and had been so disabled since September 27, 1960."

The appellant presents the appeal on the following point:

"THAT THE WRITTEN NOTICE AND ACTUAL KNOWLEDGE PROVISIONS OF THE WORKMEN'S COMPENSATION ACT REFER TO NOTICE AND KNOWLEDGE OF AN ACCIDENT CAUSING COMPENSABLE INJURY, AND NOTICE OR KNOWLEDGE OF SPECIFIC INJURIES IS NOT REQUIRED, AND THE TRIAL COURT THUS ERRED IN DENYING RECOVERY FOR THE INJURY TO THE LEFT GROIN BY ITS FINDINGS NOS. 6 AND 7 AND BY ITS

OMISSION OF ANY REFERENCE TO THE LEFT GROIN IN ITS OTHER FINDINGS AND CONCLUSIONS, WHICH MATTERS WERE EMBRACED IN PLAINTIFF'S REQUESTED FINDINGS NOS. 5, 6, 7, 8, 9, 10, 11 AND 13 AND REQUESTED CONCLUSIONS NOS. 2 AND 3."

Countering, the appellees answer the point thusly:

"THE TRIAL COURT IN EFFECT FOUND THAT THERE WAS NO CAUSAL CONNECTION BETWEEN PLAINTIFF'S LEFT INGUINAL HERNIA AND THE ACCIDENT OF JUNE 27, 1960, AND THIS FINDING IS SUPPORTED BY SUBSTANTIAL EVIDENCE."

Dr. Hillsman, to whom the appellant was sent by his employer, examined the plaintiff shortly after the accident and later repaired the right inguinal hernia. He testified that he treated the plaintiff from June 28, 1960 to September 12, 1960, and that, from his examination of the plaintiff, no hernia was present or apparent on the left side nor did appellant complain of pain in his left groin during this time; however, he did find an enlarged ring or relaxation on the left side, which probably resulted from the accident. But it was his opinion this was nothing more than a potential hernia, a condition that did not require surgery. In September, 1960, plaintiff was released by Dr. Hillsman, after which he worked in the oil fields for a time. On October 21, 1960, he was again examined by Dr. Jones and plaintiff then made no complaint about pain in his left groin. When later examined by Dr. Leigh on December 15, 1961, however, his examination disclosed a left inguinal hernia. As a medical probability Dr. Leigh related the hernia to the accident. The evidence is clear that the left hernia developed during the period September 12, 1960 to December 15, 1961, but the record is silent as to when it developed. The record is likewise silent as to notice and knowledge after its occurrence.

 The opinion might well stop here but for appellant's argument that appellees' actual knowledge of the enlarged ring or relaxation, a potential hernia, was actual knowledge of a compensable left hernia after it occurred. We do not agree. To be a compensable hernia there must be a protrusion, and the plaintiff failed to make this showing until December 15, 1961, some 18 months after the accident. On the other hand there is abundant evidence of a substantial nature that no protrusion existed during the time plaintiff worked for the defendant Campbell. Compare Lewis v. American Surety Co., 143 Tex.Rep. 286, 184 S.W.2d 137; Dixon v. Norfolk Shipbuilding & Dry Dock Corporation, 182 Va. 185, 28 S.E.2d 617; Tenaro v. Keasby & Mattison Co., 151 Pa.Super. 598, 30 A.2d 626.

■ We conclude that appellant failed to prove that he sustained the left hernia on the date and in the manner alleged; that mere proof of an enlarged ring or potential hernia is not proof that plaintiff sustained a compensable hernia. Compare also Harvey Coal Corporation v. Morris, 314 Ky. 781, 237 S.W.2d 70; Lewis v. American Surety Co., supra; Cormier v. Hart-Mun Furnace Co., (La.App.), 9 So.2d 814; Cessante v. Ford Motor Co., 283 Mich. 521, 278 N.W. 671.

Factually the case of Taylor v. Kirby Lumber Company, (La.App.), 182 So. 169, is so similar, we take the liberty to quote freely therefrom:

> "Viewed in the light most favorable to the plaintiff therefore, the most which the testimony reveals is that the plaintiff, on September 27, 1937, had a slight enlargement of his right inguinal ring which is referred to as a potential hernia, by no means a condition which disabled him from performing any kind of work whatever. It was only a long period of time after he had severed his employment with this defendant, and had worked at hard labor for another employer, that he had one doctor to testify that he was suffering from a direct inguinal hernia, the injury for which he seeks to recover compensation from the defendant.

> "We are always mindful of the liberality which our law accords an employee in suits of this character, but we must also adhere to the jurisprudence that such a case does not present an exception to the rule that a plaintiff, in order to succeed, must make out his case to a legal certainty. This, the plaintiff in this case has failed to do. He not only failed to prove that he had sustained a hernia, on the date and in the manner as set out by him in his petition, but he also failed to show that even if he is presently suffering from such an injury, that it had any causal connection with the accident alleged to have occurred on that day."

The judgment must be affirmed. It is so ordered.

CARMODY and CHAVEZ, JJ., concur.